(November 26, 1894.)

## ELBRING v. MULLEN.

[38 Pac. 404.]

Money Contract—Execution and Delivery.—The contract sued on is an agreement for the direct payment of money. *Held*, that the term "made and executed" as used in the contract sued on imports a delivery of the contract.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

H. V. A. Ferguson, for Appellant.

The complaint does not state facts sufficient to constitute a cause of action. The complaint is a mere nullity; by means of it the court acquired no jurisdiction to render a judgment thereon, and the judgment for plaintiff is void. Pleading is the stating, in a logical and legal form, the facts which constitute the plaintiff's cause of action, or the defendants' ground of defense. (18 Am. & Eng. Ency. of Law, 469, subject, "Pleading.") "The code system of pleading does not ignore form; and an ideal pleading under the code, just as at common law, is single, material, true, unambiguous, consistent and certain to common intent as to time, place, person and quantity." (18 Am. & Eng. Ency. of Law, 492.) Necessary facts must all be pleaded, and should be pleaded according to their legal effect. (*Thayer v. Gile*, 42 Hun (N. Y.), 268.)

Evans & Rogers, for Respondent.

The contract sued upon, so far as its legal effect is concerned, is to be placed in the same category as a promissory note, or any other contract not under seal. That being true, the allegation that the defendants made and executed is a sufficient allegation from which the law presumes a delivery of the instrument. (*Prindle v. Caruthers,* 15 N. Y. 425; *Peets v. Bratt,* 6 Barb. 662; 11 Boone on Code Pleading, 43, note 1; 1 Estee's Pleading, sec. 199, note 4; 1 Estee's Pleading, sec. 1105, and note 11; *Keteltas v. Myers,* 19 N. Y. 231; *Hook v. White,* 36 Cal. 299; *Russell v. Whipple,* 2 Cow. 536; *Insurance Co. v. Rogers,* 30 Barb. 491.)

SULLIVAN, J.—The respondent brought suit against the appellants to recover $1,000 and interest thereon, claiming said sum to be due for certain beer sold and delivered to appellant Mullen. The suit is based upon a written contract, which is set out in full in the complaint, and made a part thereof. A general demurrer was interposed to the complaint and overruled. Thereafter, appellants answered, and the case was tried by the court with a jury, and resulted in a verdict and judgment in favor of respondent for $1,000, interest, and costs.

This appeal is from the judgment, and the only question raised is the sufficiency of the allegations of the complaint to constitute a cause of action. The complaint alleges the execution of said contract, and sets it out *in haec verba.* It further alleges the sale of certain beer to the appellant Mullen on credit, and his failure to pay therefor on demand, and also the failure of the other appellants to pay therefor after demand made upon them. The contract having been declared on *in haec verba,* it is not necessary for the pleader to aver its legal effect. Said contract was executed to plaintiff to enable defendant Mullen to obtain credit on purchases of beer from the plaintiff, and, among other provisions, contains the following, to wit: "We do agree to become liable for the prompt payment to you by him (Mullen) for all beer you may sell to him on credit, throughout the term of one year from the date hereof, and our liabilities hereunder shall not exceed the sum of $1,000 at any one time, and that on demand pay to you such indebtedness promptly, and hereby waive all exemptions under the law."

The agreement was signed on November 7, 1892, and was to remain in force one year. The indebtedness for which this suit was brought was created in June or July, 1893—some eight or nine months after the execution of said agreement. Said contract is an original agreement for the direct payment of money, made by all of the appellants.

It is contended that the complaint fails to allege a delivery of said contract. The complaint does allege that "defendants made and executed" said contract. That allegation imports a delivery of the contract. The term "made and executed," as often used, means a completion of the transaction to which it refers, and, when applied to a written instrument, imports, not only the signing and acknowledgment thereof, but also a delivery of the same. (See Webster's International Dictionary, under "Execute"; *Hook v. White,* 36 Cal. 299.) The complaint in this case is not an ideal pleading, but, when tested by the rules of construction prescribed by our statute, it states a cause of action. The judgment of the trial court is affirmed, with costs.

Huston, C. J., and Morgan, J., concur.