(February 1, 1908.)

## W. W. ARMSTRONG, Trustee, Respondent, v. W. B. SLICK et al., Appellants.

[93 Pac. 775.]

BILLS OF EXCHANGE—PROMISSORY NOTES—ACCEPTORS—GUARANTORS—INDORSERS—ATTACHMENT—CONTRACT FOR DIRECT PAYMENT OF MONEY—CONSTRUCTION OF STATUTE.

1. The contract of an indorser of a promissory note or guarantor of a bill of exchange is a contract ''for the direct payment of money,'' and an attachment may issue against the property of such indorser or guarantor when action is brought to enforce payment of the debt, the same as against the acceptor or maker, under the provisions of sec. 4302, Rev. Stat.

(Syllabus by the court.)

APPEAL from the District Court of Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

Appeal from an order denying the dissolution of an attachment. *Order sustained.*

Gray & Boyd, and E. C. Lackner, for Appellants.

The right of the indorser and guarantor of a draft or a note is contingent, collateral, conditional and secondary to that of the acceptor of the draft and the maker of the note. (Daniels on Nego. Instr., 5th ed., secs. 532, 1236; *Raborg v. Peyton,* 2 Wheat. (U. S.) 385, 4 L. ed. 268; 14 Ency. of Law, 2d ed., 1129 et seq.)

The liability of an indorser and guarantor of a draft or a note, being collateral and conditional, is not one upon an express contract for the direct payment of money, and hence a writ of attachment cannot issue as to such liability under the attachment statutes of Idaho. (3 Words and Phrases, 2069 et seq.; 14 Cyc. 290, 291; *Ancient Order of Hibernians v. Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 74 Pac. 197, 64 L. R. A. 128; *Hurd v. McClellan,* 14 Colo. 213, 23 Pac. 792; *People v. Boylan,* 25 Fed. 595; *Trepagnier v.*

*Rose,* 46 N. Y. Supp. 397, 18 App. Div. 393; *New York Life Ins. Co. v. Universal Life Ins. Co.,* 88 N. Y. 424.)

The contract of the guarantor is in the nature of a warrant by him that the thing guaranteed to be done by the principal shall be done, not merely an engagement jointly with the principal to do the thing; he has only to answer for the consequences of the default of the principal. (27 Ency. of Law, 431, 432; *McMillan v. Bullshead Bank,* 32 Ind. 11, 2 Am. Rep. 323; *Riggs v. Waldo,* 2 Cal. 485, 56 Am. Dec. 356, and note.)

In the case at bar Slick Brothers are parties to the original instrument, being the payee in all cases, and under such circumstances their liability is that of merely indorsers who have waived nonessentials of their contract. (*Savings Bank v. Fisher* (Cal.), 41 Pac. 490; *Delsman v. Friedlander,* 40 Or. 38, 64 Pac. 297; *Byers v. Bellan-Price Inv. Co.,* 19 Colo. App. 74, 50 Pac. 368; *Robinson v. Lair,* 31 Iowa, 9.)

Clark & Budge, for Respondent.

Under sec. 4106, Rev. Stat., the defense that as to some of the defendants the obligation was collateral when executed is not available; they are all placed on an equal footing, and so far as their liability is concerned, all are directly, absolutely and unconditionally liable to judgment, though there may be but one satisfaction. (*Gagan v. Stevens,* 4 Utah, 348, 9 Pac. 706; *Hammel v. Beardsley,* 31 Minn. 314, 17 N. W. 858; *Hubbard v. University Bank,* 125 Cal. 684, 58 Pac. 297.)

As to an indorser who has waived demand, protest and notice of nonpayment, or in respect to a guarantor, the liability is just as absolute and direct as that of the maker or acceptor. Such an indorser is immediately liable if the obligation is not paid at maturity, and so, also, is a guarantor. (*Roberts v. Hawkins,* 70 Mich. 566, 38 N. W. 575; *Hungerford v. O'Brien,* 37 Minn. 306, 34 N. W. 161; *Weiler v. Henarie,* 15 Or. 28, 13 Pac. 614.)

The attachment statute of California, which is the same as our own, was construed in the following cases: *Hathaway v. Davis,* 33 Cal. 161 (action on an appeal bond); *San Fran-*

*cisco v. Brader,* 50 Cal. 506 (action on a bail bond) ; *County of Monterey v. McKee,* 51 Cal. 255 (action on an official bond). The court held the obligations were contracts for the direct payment of money.

When an indorsement or guaranty is given as a part of the same transaction in which the obligation is executed, and furnishes part of the consideration inducing the obligee to part with property, the liability of the indorser or guarantor is original, and the same from the beginning as the liability of the maker or acceptor. (*Otis v. Haseltine,* 27 Cal. 81; *Ford v. Hendricks,* 34 Cal. 673; *Howland v. Aitch,* 38 Cal. 133; 1 Brandt on Suretyship and Guaranty, sec. 24, n. 94; *Osborne & Co. v. Gullikson,* 64 Minn. 218, 66 N. W. 965; *Highland v. Dresser,* 35 Minn. 345, 29 N. W. 55; *Jones v. Kuhn,* 34 Kan. 414, 8 Pac. 777.)

SULLIVAN, J.—This action was brought to recover upon four bills of exchange and two promissory notes for a sum aggregating approximately $54,000, including interest and attorneys' fees. Said bills of exchange were dated February 20, 1906, and were executed by the appellants to the order of themselves and drawn on the Glenn's Ferry Land & Irrigation Co., and were indorsed on that date by the appellants under the name of Slick Bros., as follows, to wit:

"For value received, we hereby guarantee payment of the within note, waiving demand of payment, protest and notice of nonpayment.

(Signed)  "SLICK BROS.,<br>"By W. B. SLICK."

On the same day said bills were accepted by the Glenn's Ferry Land & Irrigation Co. by the following indorsement upon their face:

"Accepted this 20th day of February, 1906, payable at the Bannock National Bank, Pocatello, Idaho.

(Signed)    "GLENN'S FERRY LAND & IRRIGA-<br>TION CO.,<br>"By ERNEST PIERSON, Pres.,<br>"By E. L. RIGG, Secy."

Promissory notes were executed by the Glenn's Ferry Land & Irrigation Co., payable to the order of Slick Bros., and were indorsed by Slick Bros. in the same manner as were the bills of exchange. One of said notes bore date of July 19th and one July 20th, 1905, the indorsement thereon bearing date of July 20th. The complaint states six causes of action, four on bills of exchange and two on said promissory notes. At the time of filing the complaint, the plaintiff secured several writs of attachment directed to the sheriff of several different counties in Idaho and against all of the defendants jointly, the plaintiff averring in the affidavit for attachment that the causes of action set forth in the complaint were founded upon certain express contracts for the direct payment of money. The property of the defendants, Slick Bros., was attached in several different counties. Thereafter Slick Bros. moved to vacate and discharge said writs of attachment, the principal ground of which was that the alleged negotiable instruments set forth in the complaint were not, as to the liability of the appellants, contracts express or implied for the direct payment of money, but that, on the contrary, the liability for the payment thereof was wholly contingent, indirect, secondary and conditional to the liability of their codefendant, the Glenn's Ferry Land & Irrigation Co. The irrigation company did not appear in the action and did not join in the motion to dissolve the attachment, and has not joined in this appeal.

After a hearing, the court denied the motion to dissolve the attachments and this appeal is from that order. The contention of appellants is that their liability upon the instruments sued upon is conditional, contingent, indirect and collateral, and therefore as to them the said contracts are not for the "direct payment of money" within the meaning of the phrase, "for the direct payment of money," as used in sec. 4302, Rev. Stat., which section has reference to the issuance of writs of attachment.

There is nothing in that contention, as the contract of an indorser or guarantor of a bill of exchange or promissory note is a contract for the direct payment of money.

There is no distinction between the contract of a maker of a promissory note and the acceptor of a bill of exchange as to their being contracts for the direct payment of money. After the obligation becomes due, and suit is brought to collect the same, attachment may issue under the laws of this state against the indorser and guarantor of such paper the same as against the acceptor or maker. (*Elbring v. Mullen,* 4 Ida. 199, 38 Pac. 404.)

The order of the trial judge refusing to dissolve the attachment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.