(December 11, 1899.)

## FELDMAN v. SHEA.

[59 Pac. 537.]

PLEADINGS—DENIAL IN CONJUNCTIVE.—As used in the complaint, the words "sold and delivered" constitute but one act. The word "sold" as there used includes "delivery" and a denial of that act in the conjunctive raises an issue. *Held*, under facts of this case that respondent was liable for debt sued on.

(Syllabus by the court.)

APPEAL from District Court, Canyon County.

John C. Rice and H. A. Griffiths, for Appellants.

When the complaint states a cause of action, and the answer fails to raise any material issue, judgment should be rendered

on the pleadings. The test as to whether an answer presents any material issue is found in the question whether a complete cause of action remains without reference to the portions which may be denied by the answer. (*Gay v. Winter,* 34 Cal. 153; *Wallace v. Boisley,* 22 Or. 572, 30 Pac. 432; *Alvord v. United States,* 1 Idaho, 585; *Sweeney v. Schlessinger,* 18 Mont. 326, 45 Pac. 213; *Whitwell v. Thomas,* 9 Cal. 496; *Leffingwell v. Griffing,* 31 Cal. 231.) In the first paragraph of the answer the defendant denies that he is indebted to the plaintiffs in the sum of $235.70, or in any other sum or sums whatever or at all, for goods, wares and merchandise sold and delivered to him by plaintiffs between the first day of January, 1893, and the first day of January, 1895, or at any other time or times whatsoever or at all. This denial, so far as it makes any reference to the allegation of sale and delivery, is in the conjunctive, and hence is evasive and not sufficient to raise an issue. (*Smith v. Doe,* 15 Cal. 101; *Blankman v. Vallejo,* 15 Cal. 239; *Kuhland v. Sedgwick,* 17 Cal. 123; *Rock Springs Co. v. Salt Lake Sanitarium Assn.,* 7 Utah, 158, 25 Pac. 742.) The true rule is that such a denial of indebtedness admits the facts from which indebtedness results. (*Lightner v. Menzel,* 35 Cal. 452; *Levison v. Schwartz,* 22 Cal. 229; *Taylor v. Shew,* 39 Cal. 536, 2 Am. Rep. 478; *Landers v. Bolton,* 26 Cal. 393, at page 417; *Kinney v. Osborne,* 14 Cal. 112.) Nor should it be forgotten that at one time Weissman was Shea's manager, and there was no apparent change in the ownership of the store, and no knowledge in the community of change of ownership. Under such circumstances, defendant's failure to notify those dealing with Weissman that he was not responsible is a ratification of the actions of Weissman done in his name. (*Philadelphia etc. R. Co. v. Cowell,* 28 Pa. St. 329, 70 Am. Dec. 128; *Heyn v. O'Hagen,* 60 Mich. 157, 26 N. W. 861; *Saveliand v. Green,* 40 Wis. 438.)

J. G. Watts, for Respondent.

The testimony is strongly favorable to defendant, and even were there a substantial conflict in the testimony the court would not be justified in disturbing the judgment, or order denying a new trial, if no rule of law has been violated. (*Mootry' v. Hawley,* 1 Idaho, 543; *Monarch etc. Co. v. Mc-*

*Laughlin,* 1 Idaho, 617; *Ainslie v. Idaho World Printing Co.,* 1 Idaho, 641.) Taking the complaint in its most favorable light, the allegation is of a sale and delivery made in the ordinary course of business adopted by wholesale merchants of taking orders for and delivering goods, and in that sense the expression of the complaint "sold and delivered" constitutes but one act. The word "sold" as used in the complaint and in the course of business above indicated includes a delivery, just as the words "made and executed" or "executed" with reference to a deed imply delivery. (*Le Mesnager v. Hamilton,* 101 Cal. 533, 40 Am. St. Rep. 81, 35 Pac. 1054; *Elbring v. Mullen,* 4 Idaho, 199, 38 Pac. 404; *Johnson v. Manning,* 3 Idaho, 352, 29 Pac. 101; *Alspaugh v. Reid,* ante, p. 223, 55 Pac. 300.)

SULLIVAN, J.—This action was brought to recover for goods, wares and merchandise alleged to have been sold and delivered to the defendant. The first paragraph of the answer denies that the defendant is indebted to plaintiff for "goods, wares and merchandise sold and delivered to him by plaintiffs" at any time. By the second paragraph of said answer defendant "denies that he purchased any goods, wares or merchandise from plaintiffs" at any time, and also denies "that he is indebted to said plaintiffs on any account, or for any cause whatever, or at all." When the cause came on for hearing, plaintiffs moved for judgment on the pleadings, which motion was overruled by the court, to which ruling plaintiffs duly excepted. The case was then tried to the court without a jury. A number of depositions were read in evidence on the trial, and three witnesses testified, and judgment was entered in favor of the defendant. The plaintiffs' motion for a new trial was denied, and this appeal is from the judgment and the order overruling the motion for a new trial.

Counsel for appellants assign as error the order overruling the motion for judgment on the pleadings, and contend that the denial of "sale and delivery" is in the conjunctive, and for that reason evasive, and not sufficient to raise an issue; and, as the words "sale" and "delivery" are not synonymous, the denial is not sufficient, and that the denial of indebtedness is a denial of

a conclusion of law. The cause of action set forth in the complaint is on an indebtedness arising from a sale and delivery of goods. The complaint alleges that the defendant became indebted to plaintiffs in the sum of $2,235.30 for goods, wares and merchandise, which had been sold and delivered to defendant. The words "sold and delivered," as used in the complaint, constitute but one act. The word "sold," as there used, indicates and includes a delivery, just as the words "made and executed," or the word "executed," when used with reference to a written instrument, simply indicate delivery in many instances. (*Le Mesnager v. Hamilton*, 101 Cal. 533, 40 Am. St. Rep. 81, 35 Pac. 1054; *Elbring v. Mullen*, 4 Idaho, 199, 38 Pac. 404.) We think the denials in the answer sufficient to raise the issue of indebtedness for goods sold and delivered.

Counsel for appellant assign as error the admission of certain evidence given on cross-examination by the witness York. We do not think that the admission of that evidence was prejudicial error.

The finding of the court to the effect that plaintiffs did not sell or deliver to defendant, and that defendant did not purchase or receive from the plaintiffs, any goods, wares or merchandise at the time alleged in the complaint, is assigned as error. After a most careful examination of the evidence, which was mostly by deposition, we conclude that the evidence does not justify said finding.

The evidence shows that said drug business was advertised in a weekly newspaper published in said Silver City from July 23, 1892, up to February 14, 1896, that defendant authorized said advertisement in July, 1892, and did not direct its discontinuance, but that Weissman, who was his agent, at least up to October 17, 1892, attended to said entire business, except to authorize said advertisement, at which last-mentioned date the defendant swears he sold said business to said Weissman. The record shows that said Weissman continued to run said business just as it had been run before said sale. The advertisement continued with some changes. Goods were ordered in the name of the defendant; shipped in his name, received in his name, and he had knowledge of those facts. The publisher of said

newspaper testified that he visited said drugstore frequently from July, 1892, to February, 1896, and that there was no apparent change in the ownership or management of that drugstore, and that Mr. Shea never told him to discontinue said advertisement, and that during the greater portion of that time Shea was a subscriber to said newspaper, and it was sent to him weekly. Mr. Nichols, witness for plaintiffs, testified that the defendant was aware that said Weissman was having goods shipped in his (Shea's) name during the period of 1893 and 1894; that witness, as agent for said Shea, notified Weissman to cease having goods shipped in Shea's name; but goods continued to arrive in the name of Shea. It appears that Weissman purchased Shea's interest in said drugstore October 17, 1892, giving his promissory note for $2,000 therefor, and not one dollar was ever paid thereon. On February 17, 1896, said Shea bought Weissman's interest in said drugstore, paying him $200 therefor. Said Shea thereupon sold the same for $750, and applied the $750 on the debts contracted by Weissman in the name of Con Shea. During the time that Shea admits he was the owner of said drugstore he purchased goods from the plaintiffs, and after he sold said business to Weissman he did not notify the plaintiffs of such sale, and Weissman continued to order goods from them in the name of Shea, which fact Shea knew; and to have relieved himself of all liability he should have notified the appellants of his sale to Weissman. Much of the evidence we have not referred to, but, taken as a whole, it convinces us that said finding of fact and judgment entered thereon are erroneous, and must be set aside. We have no doubt but that Mr. Shea acted in perfect good faith, but through his negligence and carelessness he permitted said Weissman to purchase goods on Shea's credit, and he must pay the debt. The judgment is reversed, and the cause remanded for further proceedings in accordance with the views expressed herein. Costs of this appeal are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.