## DEMING INV. CO. v. McLAUGHLIN.

No. 1122.   Opinion Filed September 26, 1911.

(118 Pac. 380.)

1.  **PLEADING—Exhibits—Motion to Strike.** It is not error to sustain a motion to strike out exhibits to an answer, which contain allegations sufficiently comprehensive to permit the introduction of evidence in support of the proposition contained in the exhibit, which allegations in themselves are merely cumulative, and the striking of which does not deprive the pleader of any substantial right, or prevent him from making any proper defense which he may have.

2.  **APPEAL AND ERROR — Instructions — Abandonment.** Instructions examined, and held to fairly state the law applicable to the issues involved. See opinion for instructions passed upon.

3.  **ACCORD AND SATISFACTION—Pleading and Proof.** A party, relying upon the defense of accord and satisfaction, must not only plead the same in a proper manner, but must prove the offer, acceptance, or ratification by the parties; and in the case at bar it is held that such defense was properly pleaded and put in issue, and submitted to the jury under proper instructions, and that the verdict of the jury will not be disturbed.

(Syllabus by Robertson, C.)

*Error from Murray County Court; Harry W. Fielding, Judge.*

Action by J. E. McLaughlin against the Deming Investment Company. Death of J. E. McLaughlin having been suggested, the cause was revived and continued n the name of J. W. McLaughlin, as the sole and only heir at law of the said J. E. McLaughlin, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

On July 1, 1908, J. E. McLaughlin, plaintiff, filed his petition against the Deming Investment Company, defendant, in the county court of Murray county, alleging that during the months of June and July, 1906, he was the authorized and acting agent of plaintiff in error; that his duties were to represent the plaintiff in error in the making of loans in the city of Sulphur and vicinity, and as compensation therefor he was to receive a portion of the commission on each loan made, the same to be paid by the said Deming Investment Company as soon as the loan was closed; that while acting as such agent he made a loan of $7,500 to Mr. J. W. Harper, the agent's share of the commission amounting to $187.50; that plaintiff in error has paid to defendant in error the sum of $93.75, one-half of said commission; that it has refused and neglected to pay the balance of $93.75, although often requested so to do, and there was due, owing, and unpaid to defendant in error from plaintiff in error the said sum of $93.75, with interest from June 15, 1906. Answer was duly filed, in which the employment and services were admitted, but alleges that one Webster was entitled to one-half of said commission for service rendered in connection with the said McLaughlin, and in addition pleaded an accord and satisfaction, duly made and ratified by the parties. The cause was tried to a jury, and a verdict for $93.75 and interest was rendered in favor of plaintiff. A motion for new trial was duly made, overruled, and exceptions taken.

*W. K. Snyder* and *Harry White,* for plaintiff in error.

Opinion by ROBERTSON, C. (after stating the facts as above). The first three assignments of error involve essentially the same question, viz: Did the trial court err in striking out the second paragraph of Exhibit B to defendant's answer?

The issue sought to be raised by said second paragraph of Exhibit B to defendant's answer was well and properly raised by the allegations of the answer, without the exhibit, and the retention of the same in the answer would be nothing short of permitting the pleading of the evidence; the issue thus raised in

the answer was sufficiently comprehensive to admit, and there was admitted at the trial, evidence for and against the proposition, and the questions were submitted to the jury by the court under proper instructions. We cannot see where plaintiff in error was injured by the ruling of the court in striking out said paragraph. The only possible effect of said ruling was to prevent the introduction of evidence, cumulative in its character, on an issue that had been fully raised in the answer proper. The error complained of, if error it was, was inconsequential for the reason above stated, and the striking out of said paragraph did not in any way deprive the defendant of any substantial right, or interfere with or prevent him from making any proper defense he may have had.

The objections to instructions numbered 3, 4, and 5 are not, in our opinion, well taken. We have carefully examined the same, and find that they clearly state the law applicable to this case on the subject embraced therein. The instructions complained of are as follows:

"(3)    You are instructed that if you find and believe by a preponderance of the evidence that the plaintiff, J. E. McLaughlin, had authorized the defendant to make a settlement of the difference as to the division of the commission between him and the said Webster, without specifying the terms and conditions thereof, and while the said dispute was pending, and prior to any action on the part of the defendant toward effecting said settlement in pursuance of said authority, if any, the said plaintiff notified said company, and specified terms and conditions in said notice as to the amount upon which he would accept said settlement, any settlement made by defendant after said notice, contrary to the terms and conditions in said notice, would not be binding upon the plaintiff, and you should find for the plaintiff, unless said settlement so made was expressly or impliedly accepted or ratified by said plaintiff, in which event you should return a verdict for the defendant.

"(4)    You are further instructed that the fact, if you should find the same to be a fact, that the plaintiff accepted a sum of money in part payment of his claim would not bar him from a recovery of the balance, if any was due him. The fact that the agent of the defendant, if you should find the same to be a fact, may have written him that he had adjusted the difference, and

named the condition upon which the adjustment had been made, the further fact that the plaintiff accepted a sum of money thus sent to him, would not bar his right of recovery, unless the amount was accepted by the plaintiff in full settlement and discharge of the disputed claim.

"(5)   You are further instructed that, one who accepts a payment of money upon a disputed claim is not estopped in law to assert his right to the balance, unless he accepts the same thus tendered in full settlement and discharge of said claim.   You are therefore instructed that, if you find and believe from the evidence that the Deming Investment Company, through its duly authorized agent, J. E. McLaughlin, had procured the application of J. W. Harper for a loan, and that the loan was subsequently consummated, and that thereafter arose a dispute as to the division of the commission, and you further find and believe from a preponderance of the evidence that the defendant knew this was a disputed claim at the time defendant sent said check, the fact that the plaintiff accepted the check would not bar his right of recovery, and the defendant would be liable for the amount, unless you further find that the plaintiff accepted said check in full settlement and discharge of the liability of the defendant to him, in which event your verdict should be for defendant."

Each of these instructions fairly and clearly state the law applicable to this case, and each was required to cover issues fairly raised by the pleadings; and it was the duty of the court to give them, and in doing so no error was committed; and it is evident that this assignment of error has been abandoned by the plaintiff in error, for the reason that it is not discussed in his brief, and no injury resulting from said instructions has been pointed out by counsel.

The only assignment of error remaining to be disposed of is the eighth, which is as follows:

"The court erred in not holding and adjudging the letters and actions of the plaintiff below (McLaughlin) were in the nature of full accord and satisfaction, as far as this pliantiff in error is concerned, in that he accepted a check for $95 and some odd cents, with accompanying letter, in full payment of the claimed commission, and made no objection or ,protest to this plaintiff in error."

This issue of accord and satisfaction was properly raised by the pleadings, and submitted to the jury under proper instructions by the court. The instructions complained of by the plaintiff in error, and set out in full above, in our opinion, clearly and comprehensively cover this issue. Two things are essential to such a defense: First, the offer by one party; and, second, the acceptance by the other. The jury found the issue for the plaintiff. We have carefully read the evidence, and find that it tends reasonably to support the verdict, and in such case it is not the province of this court to interfere with or usurp the functions of the jury. *Great Western Mfg. Co. v. Davidson Mill & Elevator Co.,* 26 Okla. 626, 110 Pac. 1096; *J. Rosenbaum Grain Co. v. Pond Creek Mill & Elevator Company,* 22 Okla. 555, 98 Pac. 331. It is possible that a request for a peremptory instruction directing a verdict on this issue would, at the proper time in the court below, have resulted in finding that the parties had made a settlement of their differences by accord and satisfaction. It was not the duty of the trial court to direct a verdict on his own motion. None was requested by the plaintiff in error; hence the question was properly submitted to the jury. The jury found that no accord and satisfaction had been had and entered into between the parties, and decided the issue in favor of the plaintiff. The failure to ask for a directed verdict cannot be taken advantage of in this court when it was not requested of, or brought to the attention of, the trial court. We are of opinion that the issues in this cause were fairly submitted to the jury, under proper instructions, and that no prejudicial error was committed by the court below.

The judgment of the county court of Murray county should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.