JOHN B. TURNER, ⎫
SUMMERS HARDY, ⎬ JUSTICES.
CHAS M. THACKER, ⎭

---

## GENTRY et al. v. FIFE.

No. 6476.  Opinion Filed February 1, 1916.

Rehearing Denied February 29, 1916.

(155 Pac. 246.)

1.  **ACCORD AND SATISFACTION—What Constitutes.**  Accord and satisfaction is a method of discharging a contract, or settling a cause of action arising either from a contract or tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof, and an execution of such substituted agreement.

2.  **SAME—Proof—Question of Fact.**  The defense of accord and satisfaction must not only be properly pleaded, but the evidence must show a meeting of the minds on the new promise, and that it was made and accepted with the purpose and intent that it should operate as a discharge of the prior obligation, and the purpose and intent is a question of fact for the court or jury to determine.

3.  **APPEAL AND ERROR—Findings of Fact—Evidence—Accord and Satisfaction.**  In the instant case the defense of accord and satis-

faction was properly pleaded and put in issue and submitted to the court for determination. The court's finding, being supported by evidence, is conclusive upon the Supreme Court on appeal.

(Syllabus by Galbraith, C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by Jannetta Fife against Sallie D. Gentry and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Claude A. Niles,* for plaintiffs in error.

*Harry H. Rogers,* for defendant in error.

Opinion by GALBRAITH, C. This was an action in assumpsit. The answer was a claim of payment in the nature of a plea of accord and satisfaction. There was a trial to the court, and judgment for the plaintiff for $1,108.55. The defendants appeal.

The facts, briefly stated, are, that the defendant in error, Jannetta Fife, sold her interest in certain inherited land to W. E. Gentry, for the consideration of $1,333.33, and on the 15th day of September, 1908, executed her warranty deed, reciting the payment of the consideration, conveying the land to Gentry. However, it is admitted that only $50 of the amount was paid at the time the deed was executed, and that the agreement was that the balance should be paid when the deed should be approved by the county court. Gentry died before the transaction was completed. It was contended by the defendant in error that only $390 of the purchase price had been paid, and this action was instituted against the surviving widow and heirs of W. E. Gentry to recover the difference between that amount and the agreed price and interest thereon. It is admitted that on February 3, 1912,

Sallie D. Gentry drew her check on the Commerce National Bank of Checotah in favor of Jannetta Fife for $130.80, and marked on the face of the check, "In full settlement of all claims relative to Celina Davis, Jannetta Harjo, and Sam Bradley land;" that this check was inclosed in a letter written by Mrs. Gentry's attorney, addressed to Jannetta Fife, advising that the check was delivered to her "in full settlement" of the balance due upon the land. Jannetta Fife received this letter and indorsed the check and collected the amount thereof. This letter was written in English, and Jannetta Fife was a full-blood Indian, and did not read or write the English language, and she testified at the trial through an interpreter.

It is said in the brief of plaintiffs in error:

"As the assignments of error embrace but a single proposition of law, to wit, whether the tender and acceptance and cashing of the check set up in defendants' answer constituted an accord and satisfaction."

There was a motion to dismiss presented by the defendant in error on the ground "that the appeal had not been perfected according to law," and the reasons urged for the motion were that the appeal had not been filed in this court in time, and that no summons in error had been issued or served. The motion was denied for the reason that an examination of the record showed that the petition in error was lodged in this court within six months after the order of the trial court denying the motion for a new trial, and there is among the files in this case a waiver of the issuance of summons in error, and an entry of the appearance in this court, on behalf of the defendant in error, signed by one of the counsel who appeared in the trial court.

As to the merits of the cause, accord and satisfaction is defined as:

"A method of discharging a contract or settling a cause of action arising either from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof, and an execution of such substituted agreement." (1 R. C. L. 177.)

Again:

"An accord and satisfaction is the result of an agreement between the parties, and, like all other agreements, must be consummated by a meeting of the minds of the parties; if the creditor is to be held to abate his claim against the debtor, it must be shown that he understood, or should have understood, that he was doing so when he received the consideration claimed therein." (1 R. C. L. 183.)

And again:

"The rule that a new promise if, unexecuted, is not a satisfaction, is subject to the qualification that, when the parties agree that the promise shall be a satisfaction of a prior debt or duty, and it is accepted in satisfaction, then it operates as such, and bars the action on the old debt or duty. Whether the accord or new agreement has been accepted as satisfaction depends upon the circumstances of each case, and must be ascertained from the intention of the parties, and being a question of intention is a question for the jury to determine." (1 R. C. L. 199, 200.)

The only question raised by the assignments of error in this case is whether or not the acceptance of the check by Jannetta Fife amounted to an accord and satisfaction, and therefore effected a discharge of the obligation sued upon. The answer to this question depends upon the intent of the parties—whether or not there was a meeting of the minds on this point—and thus becomes a question

of fact controlled by the evidence.    There can be no serious question about Mrs. Gentry's intention.    She intended this check to be full payment of the balance due upon the land.    On the other hand, there can be little doubt that Jannetta Fife did not have any definite idea as to the effect of her acceptance of the check and cashing the same. She knew that she was getting money on the land trade, but there is no evidence that she knew that, if she accepted this check and obtained the money on it, that would operate in law to settle the balance due upon the land deal. This was a question of fact for the determination of the court, inasmuch as the cause was tried to the court. The finding of the court was doubtless influenced by the fact that Jannetta Fife was a full-blood Indian, and did not write nor speak the English language, and that she had no clear understanding of the legal effect of the acceptance of the check and indorsing the same.    Then the evidence on behalf of the plaintiffs in error was not clear as to the amount that had been paid on the purchase price of this land, nor how Mrs. Gentry figured and arrived at the conclusion that there was only $130 due.    In any event there is abundant evidence to support the finding of the trial court that Jannetta Fife did not intend that the acceptance of the check should be a release of the balance due, and therefore her acceptance of the check and cashing the same did not operate as an accord and satisfaction.    This finding of the court is binding upon this court. *Semple v. Baken,* 39 Okla. 564, 135 Pac. 1141; *Mullin v. Brown et al.,* 40 Okla. 137, 137 Pac. 107.

For the application of the rule of accord and satisfaction to varying states of fact, see *Houston Bros. v. Wagner,* 28 Okla. 367, 114 Pac. 1106; *Deming Inv. Co. v. McLaughlin,* 30 Okla. 20, 118 Pac. 380.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.