## No. 9435.

### Scott *v.* Gilmore.

1. Appeal and Error—*Election—Harmless Error.* The jury returned a verdict on each of two counts pleaded, one upon an account stated, the other on quantum meruit; judgment on one count only. *Held,* that the refusal of the court to compel an election, if error, was not prejudicial.

2. *Findings of a Jury on Conflicting Evidence* will not be disturbed by the appellate court.

3. Pleadings. *Accord and Satisfaction* must be pleaded if evidence is to be introduced to support the plea.

4. Appeal and Error—*Correct Judgment.* Where the judgment rendered is manifestly correct, no objection which does not go to the very right of the matter should be permitted to prevent a recovery.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. John T. Bottom, for plaintiff in error.

Mr. Thomas Ward, Jr., Mr. John F. Mail, for defendant in error.

*En banc.*

Mr. Justice Bailey delivered the opinion of the court.

This is an action by defendant in error, Gilmore, to recover for professional services rendered and expenditures made, as an .attorney-at-law, for plaintiff in error, Scott. Two separate counts were joined, the first upon an account stated, and the other on *quantum meruit.*   Each count was for a like amount, and for the same service and expenditure. Verdict was for plaintiff, recovery being fixed in the sum of $1,381.45 on each count. ' Judgment, however, was entered for $1,381.45 only.   It is that judgment which is here for review.

It is unnecessary to discuss all the errors assigned in order to settle the controversy. Defendant urges that plaintiff should have been required to elect as to which of the two counts he would rely upon, and that in effect the jury arrived at two verdicts, the one nullifying the other. The court entered judgment upon one only of the verdicts, so the error, if such there was, manifestly is not prejudicial. No substantial right of the defendant was invaded by the findings of the jury, and there is no ground for reversal on that score.   *Boyd v. Munson,* 59 Colo. 166, 147 Pac. 662.

The pleadings present the issues as to whether there was an account stated or an account current, and whether, if there was any liability at all, it had been discharged.   The first count in the complaint rests upon an account stated. The answer thereto, after admitting that certain services were rendered and expenditures made, alleges payment in full.   The verdict settles the question that there was an account stated, and that it has not been paid. No attack was made upon the account, except a general denial thereof, and a defense of payment.   The evidence upon these questions is in sharp conflict, and there is nothing in the

record to take the case out of the usual rule that, under such circumstances, the jury finding will not be disturbed on review.

There is some evidence that two checks, one for $60.00 and the other for $25.00, were given and received in accord and satisfaction of the account. This affirmative defense was not pleaded, however, as it should have been had defendant intended to introduce evidence to support it. 1 Enc. Pl. & Pr. 74. Neither is there any allegation of error, fraud or mistake in the account stated, and to impeach it such allegations, or some one or more of them, are essential. *Kronenberger v. Binz,* 56 Mo. 121, cited with approval in *St. Louis, etc., v. Colo. National Bank,* 8 Colo. 70, 5 Pac. 800. In any event, the jury in reaching its conclusion determined, upon conflicting evidence, that there was no accord and satisfaction, and that conclusion will not be set aside, there being ample testimony to support it.

It is vigorously urged, however, that the account was unliquidated, that the debtor conceded liability for a part of it, and tendered checks in full payment, which checks were accepted, thus extinguishing the claim. This raises a question which is not involved, because there is no plea to support it. The issues were made by the parties themselves upon questions of fact, including the question whether there was an account stated, and it is to be noted, that the account stated was rendered after the giving and reception of the checks involved. In brief, the case turns upon fact questions, which were all determined adversely to defendant upon abundant competent evidence, and such conclusions under well settled principles should not be disturbed.

Moreover, we have carefully examined the entire record, including all of the testimony, and it is apparent that services were rendered and expenditures made by plaintiff for the defendant, for which the latter has made no return. Under such circumstances no objections which do not go to the very right of the matter, and which are not substantial in character, should be permitted to prevent recovery and thus defeat a meritorious claim. The judgment seems to

be supported by clear and satisfactory proofs and to be in accord with common fairness and justice, and as the instructions properly and correctly state the law in all material particulars, it should be affirmed.