(May 15, 1922.)

JOHN W. CUPPLES and LUTHER J. MITCHELL, Copartners Doing Business Under the Firm Name and Style of CUPPLES & MITCHELL, Appellants, v. MIKE ZUPAN, Respondent.

[207 Pac. 328.]

PLEADING AND PRACTICE—GENERAL DENIAL—WHEN SUFFICIENT—NEW MATTER—WHEN AFFIRMATIVE PLEA NECESSARY.

1. Where a complaint is to recover the value of goods, wares and merchandise alleged to have been sold and delivered, and the answer denies that plaintiffs "sold and delivered" such goods, wares and merchandise, the use of the word "sold" includes a

delivery, and a denial, although in the conjunctive, raises an issue both as to sale and delivery.

2. The test of whether defensive matter is new is to be determined by the effect it has upon the issues presented by the complaint; if it controverts the cause of action and tenders no new issue, it is a traverse; if it introduces a new element by way of confession and avoidance, it is new matter, and should be affirmatively pleaded.

3. Greater latitude should be allowed in the cross-examination of witnesses who are parties to the action than of others, and a reviewing court will not reverse a judgment for allowing such a cross-examination, unless an abuse of discretion is shown.

4. Accident or surprise, mentioned in the statute as grounds for a new trial, is that which ordinary prudence could not have guarded against, and if appellants misapprehended the issues raised by the pleadings, and were for that reason not prepared to proceed with the trial, they should ask for a continuance.

5. Parties cannot experiment with the result of suits, and after an adverse verdict ask to have the same set aside upon the ground that they were misled by the pleadings, when such pleadings properly presented the issues to be tried.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover the value of goods, wares and merchandise sold and delivered. Judgment for defendant, and plaintiffs appeal., *Affirmed.*

J. A. Elston and M. H. Eustace, for Appellants.

A new trial will be granted where it appears that the moving party has been surprised at the theory adopted by his opponent when he could not have guarded against such surprise with reasonable prudence (C. S., sec. 6688; *Lillenthal v. Anderson,* 1 Ida. 673; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962), and for the absence of material written evidence at the trial without fault or negligence on the part of the movant.   (29 Cyc. 861.)

Where a number of facts are alleged conjunctively the denial goes only to the conjunction and admits the separate existence of each fact.   (31 Cyc. 205; *Fish v. Redington,* 31

Cal. 185; *Toomey v. Knobloch,* 8 Cal. App. 585, 97 Pac. 529; *Bach etc. Co. v. Montana Lumber etc. Co.,* 15 Mont. 345, 39 Pac. 291; *Young v. Catlett,* 6 Duer (13 N. Y. Super. Ct.) 437; *Shearman v. New York Cent. Mills,* 1 App. Pr. (N. Y.) 187; *Thorn etc. v. New York Cent. Mills,* 10 How. Pr. (N. Y.) 19; *Salinger v. Lusk,* 7 How. Pr. (N. Y.) 430; *Gahren etc. v. Farmers' Bank,* 156 Ky. 717, 161 S. W. 1127.)

Defendant cannot introduce his defense by cross-examination. (1 Thompson on Trials, sec. 434; Jones on Evidence, sec. 820, p. 1039; and cases cited under note 49.)

Defendant is required to set up all matters of defense by answer, whether such matters are legal or equitable in their character. (*Utah & N. Ry. Co. v. Crawford,* 1 Ida. 770, 778.)

J. P. Pope and E. J. Dockery, for Respondent.

Anything which shows that plaintiffs have no right of recovery at all, or to the extent they claim, in the case as they make it, may be given in evidence upon issue joined by allegation of plaintiffs and denial of defendant. (*Bridges v. Paige,* 13 Cal. 640; *Landis v. Morrissey,* 69 Cal. 83, 10 Pac. 258.)

New matter is that which admits that the cause of action stated in the complaint once existed, but at the same time avoids it; that is, shows that it has ceased to exist. (*Lindsay v. Wyatt,* 1 Ida. 738; *Frisch v. Caler,* 21 Cal. 71.)

Where the contract sought to be enforced is a contract implied from the conduct of the parties, necessarily circumstantial evidence is resorted to, and evidence of similar transactions should be received to show either the making in general or the specific terms of the contract in question, where such other instances or transactions were so connected with the contract in question as to tend to show a course of business dealings and, in the discretion of the court, to be of probative value as to the transaction in question. (11 Ency. of Evidence, p. 782, and cases in note; 1 Wigmore on

Evidence, 453, 454; *Wood v. Finson,* 91 Me. 280, 39 Atl.
1007; *Tibbetts v. Sumner,* 19 Pick. (Mass.) 166; *Lowenstein v. Lombard etc. Co.,* 164 N. Y. 324, 58 N. E. 44; *Moody v. Tenney,* 3 Allen (Mass.), 327; *Fleming v. Hill,* 65 Ga. 247; 1 Jones on Evid., p. 700; *Remy v. Olds,* 4 Cal. Unrep. 240, 34 Pac. 216, 21 L. R. A. 645; *Turner v. Luning,* 105 Cal. 124, 38 Pac. 687.)

A wider latitude is allowed in the examination of a party who testifies in his own behalf than would be permissible if the witness were not a party. (40 Cyc. 509, and cases cited; *Reese v. Bald Mountain Consol. Gold Min. Co.,* 133 Cal. 285, 65 Pac. 578; *Just v. Idaho Canal Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Neal v. Neal,* 58 Cal. 287; *Taggart v. Bosch,* 5 Cal. Unrep. 690, 48 Pac. 1092; *McFadden v. Santa Ana etc. R. Co.,* 87 Cal. 467, 25 Pac. 681.)

A new trial will not be granted where it appears that the moving party was not in fact surprised, or where the correct ruling of the court as to the admission of evidence was against such moving party or his counsel through inadvertence fails to make a better case. (C. S., sec. 6888; 29 Cyc. 850–852, 862; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Lillenthal v. Anderson,* 1 Ida. 673.)

The words "sold and delivered" as used in the complaint constitute but one act, and a denial of that act in the conjunctive raises the issue. (*Feldman v. Shea,* 6 Ida. 717, 59 Pac. 537; *Elbring v. Mullen,* 4 Ida. 199, 38 Pac. 404; *Le Mesnager v. Hamilton,* 101 Cal. 532, 40 Am. St. 81, 35 Pac. 1054.)

LEE, J.—This was an action to recover the value of goods, wares and merchandise alleged to have been sold and delivered by appellants to respondent, at his special instance and request. The answer denies that appellants "sold and delivered" said goods, wares and merchandise to him. The cause was tried by the court with a jury, and a verdict was returned for respondent. Appellants moved for a new trial, which was denied, and this appeal is from the judgment and from the order denying a new trial. In their brief, ap-

pellants assign fifty-one errors of law, and also state twenty-seven separate propositions of law, with authorities relied on in support of the same, conformable to Rule 42 of this court, as grounds for a reversal. It appears from the pleadings that they present a single issue of fact, and it does not seem probable that the trial of an action of this character should give rise to this number of errors or propositions of law, of sufficient importance to require that each be severally considered. If such were the case, the work of reviewing courts would be interminable. Therefore, without attempting to consider or discuss each assignment or proposition of law separately, we will give attention to such as appear to be material.

Respondent was a subcontractor under one William Long, who had a contract with the government for work on a drainage canal. Immediately prior to this time, appellants had furnished respondent with the necessary camp supplies to enable him to carry on his work while he was a subcontractor under one Comerford, who had a contract for doing similar work upon this canal. These supplies had been delivered to respondent by appellants and charged to Comerford. It was agreed that appellants should be notified before respondent's work as a subcontractor under Long began, so that they might discontinue charging merchandise to Comerford and make the necessary change in their charge account, but as to what this change should be is in controversy. Appellants claim that under the new arrangement they were to charge these supplies direct to respondent, with the understanding that the principal contractor, Long, or his agent Gresham, should guarantee payment for the same out of the payments the government was to make to Long.

Appellants contend that respondent's answer, being in the form of a denial only, is not sufficient to admit of the evidence that was offered and received on his behalf, which tended to show that while the merchandise in question was delivered to him, it was in fact sold to the principal contractor, Long, or his agent Gresham, and that this testimony

could only have been admitted under an answer affirmatively alleging 'that the sale was to the principal contractor.

In *Feldman v. Shea,* 6 Ida. 717, 59 Pac. 537, it is said that "sold," as here used, includes delivery, and that a denial, even though it be in the conjunctive, raises an issue as to both the sale and delivery of the goods, citing in support thereof *Le Mesnager v. Hamilton,* 101 Cal. 532, 40 Am. St. 81, 35 Pac. 1054. The issue presented by the pleadings being as to the sale of this merchandise to respondent, testimony tending to show that the sale of such merchandise was not to him, but to Long, the principal contractor, was relevant and competent under this answer, as it supported his contention that the goods were not sold to him.

The rule is well stated in *Lindsay v. Wyatt,* 1 Ida. 738, wherein it is said that the test of whether matter is new is to be determined by the effect it has upon the issue presented by the complaint. If it controverts the cause of action and tenders no new issue, it is a traverse. If, on the other hand, it introduces a new element by way of confession and avoidance, it is new matter, and must be pleaded affirmatively.

Appellants contend that there was error in allowing respondent too wide a scope in the way of cross-examination, particularly in allowing appellants to be cross-examined with regard to the agreement between themselves, respondent and the contractor Comerford, which immediately preceded this one. It appears that both of the parties understood that respondent had entered into a new contract for work under Long or Gresham, and that supplies furnished him should no longer be charged to Comerford after the first of June. The several transactions between the parties and the other contractors were more or less related. At least one article, the "rooter plow," which was delivered to respondent while he was working under his contract with Comerford, was by appellants later added to the account sued on in this action, Comerford having refused to pay for the same. Under these circumstances, we think there was

no abuse of discretion in allowing respondent to go into this transaction between the subcontractor and his principals to the extent that was done, and the transactions were so interrelated that doing so could not have been entirely avoided. Greater latitude should be allowed in the cross-examination of witnesses who are parties to the action than in the examination of other witnesses, and a reviewing court will not reverse a judgment for allowing too great a latitude on cross-examination of the parties to the action unless an abuse of discretion is shown. (*Just v. Idaho Canal Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Anderson v. Salt Lake etc. Ry. Co.,* 35 Utah, 509, 101 Pac. 579; 40 Cyc. 2506.)

We do not think there is merit in appellants' contention that they were taken by surprise by the admission of testimony tending to show that Long and Gresham owed the account for which respondent was being sued. Respondent having denied that he purchased these goods, it was competent for him under the pleadings to show that someone else had purchased them, because this directly supported his defense that he had not done so; and appellants cannot predicate error upon the ground of surprise in the introduction of any proof which tends to support an issue properly raised by the pleadings. Accident or surprise, mentioned in the statute as ground for a new trial, is that which ordinary prudence could not have guarded against, and if appellants misapprehended the issues raised by the answer, and were therefore not prepared to proceed with the trial, they should have asked for a continuance. Parties cannot experiment with the result of suits in this manner, and when they have an adverse verdict ask to have it set aside upon the ground of being misled by the pleadings, when in fact such pleadings properly presented the issue tried.

Appellants complain of the court's instruction wherein the jury were instructed ''If you find from the evidence, gentlemen of the jury, that plaintiffs delivered to Mike Zupan certain goods with an understanding or agreement

that William Long or W. R. Gresham, *his attorney in fact,* would pay for such goods, etc.," for the reason that it is claimed that there was no evidence whatever tending to show that Gresham was the attorney in fact of Long. But even conceding that he was not, the designation of Gresham as an attorney in fact when the evidence admitted tended to show that he was the managing agent for Long would be a mere inaccuracy, which would not be reversible error.

It is further claimed that there was error in the court's instruction to the effect that the receipt of goods on the part of respondent would not of itself render him liable for the payment thereof, but that the jury must determine from all the facts and circumstances whether defendant agreed either expressly or impliedly to pay for them, and that unless they so found by a preponderance of the evidence, the verdict should be for the defendant. There is no error in this instruction, under the facts and circumstances here shown, and its form is not such as to invade the province of the jury.

Upon the record, it appears that the cause was fairly submitted to the jury, that there was substantial evidence to support the verdict, and that no errors were committed by the trial court sufficiently prejudicial to warrant a reversal. The judgment should be affirmed, and it is so ordered, with costs to respondent.

Rice, C. J., and McCarthy and Dunn, JJ., concur.