(No. 7116. December 27, 1943.)

ANNA A. STONE, Co-Executrix for and on behalf of the Estate of Elizabeth Webster, deceased, Respondent, v. JOSEPH A. WEBSTER, Appellant.

[144 Pac. (2d) 466.]

Hawley & Hawley for appellant.

Harry S. Kessler for respondent.

BUDGE, J.—Elizabeth Webster loaned to her son, A. T. Webster, on his promissory note $1500, and advanced to him upon his open account $136.50. On October 21, and December 19, 1933, respectively, Elizabeth Webster loaned to her son, A. T. Webster, and her grandson, appellant J. A. Webster, the sums of $214, due five years from date, and $260, due one year from date, evidenced by their promissory notes signed "A. T. Webster & Son, by J. A. Webster",

who were at the time of the making and delivering of the promissory notes co-partners. Upon A. T. Webster's death, his son, appellant J. A. Webster was named executor of his estate. Elizabeth Webster filed as claims against the estate of A. T. Webster the above mentioned notes and also the advances made by her to A. T. Webster on open account. Before the A. T. Webster estate was probated, Elizabeth Webster died and her two daughters, Anna A. Stone and Susa B. Fisher, were named co-executrices of her estate.

After payment of all, preferred claims against the estate of A. T. Webster, there remained as assets of said estate the sum of $808.64. The claims of the Elizabeth Webster estate against the A. T. Webster estate totalled $2111.50. The co-executrices, Anna A. Stone and Susa B. Fisher, petitioned the Probate Court for authority to compromise the claims against the A. T. Webster estate for the amount of $808.64. Anna A. Stone, either before or subsequent to the time the petition had been signed by Susa B. Fisher (the evidence being in conflict as to this point), wrote upon said petition as follows: "This, however is not intended as *releaseing* Joseph A. Webster who is liable for two of the notes." The two notes being the two heretofore referred to, signed by A. T. Webster and appellant.

Upon the petition so filed, the probate judge made and entered as of date February 23, 1940, an order setting out substantially the above facts wherein it is recited:

"WHEREFORE, it is ordered that the executrices of the Estate of Elizabeth Webster, deceased, be and are hereby authorized to accept the said sum of $808.64 in full settlement of the claims of the Estate of Elizabeth Webster, deceased, against the Estate of Alpheus T. Webster [A. T. Webster], deceased."

The $808.64 was paid to the attorney for the Elizabeth Webster estate and evidenced by the following receipt dated March 2, 1940:

"RECEIVED OF Joseph A. Webster [J. A. Webster] Executor of the A. T. Webster Estate Eight Hundred Eight & 64/100 Dollars in full settlement of the claims of Elizabeth Webster Estate against the A. T. Webster Estate.

HARRY KESSLER
Attorney for Elizabeth Webster Est."

There is evidence to the effect that when J. A. Webster, executor of A. T. Webster estate, gave the check for $808.64 to Harry Kessler the following notation was made upon the check: "Settlement in full of all claims of Elizabeth Webster against A. T. Webster Estate." The check for $808.64 was endorsed by Anna A. Stone and Susa B. Fisher as executrices and placed to the credit of the Elizabeth Webster estate. No portion of the $808.64 was credited upon the two notes executed and delivered to Elizabeth Webster by A. T. Webster heretofore referred to.

This action was brought by Anna A. Stone, co-executrix of the Elizabeth Webster estate, in the Probate Court of Ada County to recover judgment upon the said two promissory notes. Susa B. Fisher, the other co-executrix, refused to become a plaintiff in said action. Anna A. Stone, respondent, takes the position that the compromise and settlement of all claims against the A. T. Webster estate due the Elizabeth Webster estate did not release the co-maker, appellant, upon the two notes sued upon; while Susa B. Fisher understood that the compromise settlement constituted full satisfaction of said notes and released the co-maker, appellant. Appellant's contention is, in the absence of an affirmative allegation in the answer, that the compromise settlement released and discharged all obligations of the A. T. Webster estate due the Elizabeth Webster estate, and also released and discharged appellant as a co-obligor.

This action was tried in the Probate Court, respondent alleging in her amended complaint the execution and delivery of the two notes; that the same had not been paid and were long past due. To respondent's amended complaint, appellant filed an answer containing only a general denial, and as an affirmative defense to the second cause of action directed against the $260 note dated Dec. 19, 1933, plead the provisions of sec. 5-216, I.C.A., relative to the limitations of actions on written contracts. Upon the issues thus framed, the cause was tried by the Honorable John Jackson, probate judge of Ada County, without a jury resulting in a judgment in favor of respondent Anna A. Stone, co-executrix, for the sum of $214 together with interest upon her first cause of action at six per cent per annum from October 21, 1933, amounting in all to $325.78 together with an attorney fee of $35 and costs. As to the second cause of action, the court held that the same was barred by the statute of limitations. From the probate court judgment,

appeal was taken to the district court where the cause was tried to the court without a jury, resulting in a judgment in favor of the estate of Elizabeth Webster and against appellant on the first cause of action for the sum of $214 together "with interest at six per cent per annum from October 21, 1935, totalling ninety dollars and fifty-six cents ($90.56), and the sum of fifty ($50.00) dollars attorney's fees." Upon the second cause of action, no recovery was allowed, the court holding that it was barred by the provisions of sec. 5-216, supra. There being no cross-appeal, we are not concerned with said second cause of action. Appellant made a motion for a new trial which was denied. This appeal is from the order denying said motion for new trial.

Appellant makes and relies upon the following assignments of error: First, "The court erred in denying the motion for new trial." Second, "The court erred in holding inadmissible the evidence showing the compromise settlement of the claims against the A. T. Webster Estate." Third, "The evidence is insufficient to sustain the verdict and judgment. Payment of such notes being shown by the evidence."

We will first dispose of assignment No. 2, attacking the ruling of the court sustaining an objection to, and holding inadmissible, the evidence showing the compromise settlement of claims against the estate of A. T. Webster, it being contended by respondent that the evidence was not admissible under the general denial in the answer, but that it should have been alleged as an affirmative defense. It might be here observed that the evidence showing the compromise settlement was admitted, but the court, having reserved the right to rule upon its admissibility during the course of the trial, later held said evidence inadmissible under a general denial.

Respondent's contention is that appellant under a general denial attempted to prove a two-fold defense:

"First he claims a release or discharge resulting by operation of law from an alleged settlement between plaintiff and the defendant's joint obligor. Release or discharge is always an affirmative defense. Secondly he claims that this discharge resulted from an accord and satisfaction made with the administrator of the estate of the deceased partners. Accord and satisfaction likewise is always an affirma-

tive defense. Payment which may be proven under a general denial is in law quite different from both accord and satisfaction and release or discharge resulting by operation of law."

The general rule would seem to be as stated in 1 Am. Jur. 215:

"Accord and satisfaction is distinguished from payment in that payment is generally understood to be a discharge by a compliance with the terms of the obligation or its equivalent, while in an accord and satisfaction the discharge is affected by the performance of terms other than those originally agreed on."

In 1 C.J.S., pp. 465 and 551, respectively, the following language is used:

"Payment or performance of an obligation connotes fulfillment of it according to its terms, while accord and satisfaction involves giving and accepting something different from, or less than, that which the creditor has a right to receive."

"Under codes, statutes, or rules of court, accord and satisfaction to be available as a defense must be pleaded specially."

In *Continental Gin Co. v. Arnold,* 52 Okla. 569, 153 P. 160, the rule under consideration is stated:

"The term 'payment' in its legal import means the satisfaction of a debt by money or the representative of money, and not by novation, compromise, or accord and satisfaction. * * * Accord and satisfaction, and other transactions closely allied thereto, such as a compromise agreement, executory accord, and novation, in order to be available as a defense must be specifically pleaded." (Syllabus No. 1 and No. 3, respectively.)

Bancroft Code Pleadings, vol. 1, p. 434, sec. 268, states the rule thus: "An accord and satisfaction is an affirmative defense and unless a failure to do so is waived, should be specially pleaded." *Atcheson T. & S. F. Ry. Co. v. Weaver,* 173 Okla. 176, 47 P. (2d) 104, holds that under a general denial defendant is entitled to offer evidence of any fact which tends to controvert that which plaintiff is bound in first instance to prove to establish his cause of action.

In *Continental Gin Co. v. Arnold,* supra, the court points out:

"The main reason pleadings are required is to specifically notify the adverse party of the pleader's demand and contention so that the party may be informed with reasonable certainty of what facts he will have to meet at the trial, and will thus have an opportunity to prepare his defense."

In *Deming Inv. Co. v. McLaughlin,* 30 Okla. 20, 118 P. 380, it was held that a party relying upon the defense of accord and satisfaction must not only plead the same in a proper manner but must prove the offer, acceptance or ratification by the parties and it must be submitted to the jury under proper instructions. To same effect see *Scott v. Gilmore,* 68 Colo. 590, 192 P. 497. In *Clay v. Rossi,* 62 Ida. 140, 108 P. (2d) 506, it is held:

"The defense of accord and satisfaction is, in effect, a substitution of a new contract for a previous contract * * * and the rule is, that the burden of proof is on the one who relies on the new contract in settlement of the old obligation or controversy."

In *Miller v. Donovan,* 11 Ida. 545, 83 P. 608, which in principle involves the question here under consideration, this court speaking through Mr. Justice Ailshie, *inter alia,* used the following language:

"No issue was presented either by the original or amended answer as to the illegality of the contract or failure of title. * * * By the answer in this case the plaintiff was notified that the only issue to be tried was the execution of the contracts alleged and the delivery of the property. Under these allegations no reasonable person could have been expected to prepare for trial upon the issue of illegal contract or failure of title in plaintiff to the property about which he had contracted. How could he be expected to meet the issue of illegal contract when the defendant denied that there had been any contract at all? We think the district judge was clearly correct when he held that want of title and illegality of contract were not an issue in the case."

In the case at bar, the action was tried upon two promissory notes alleged to be due and owing from appellant. The answer is a general denial. Appellant sought to introduce evidence "in the nature of a confession and avoidance. In sec. 3355 of Estee's Pleadings, fourth edition, it is said: 'All matters in confession and avoidance showing that the

contract sued upon was void or voidable in point of law must be affirmatively pleaded.' " *Miller v. Donovan,* supra. Clearly, under the allegations of the answer, the court was correct in holding that the evidence sought to be introduced by appellant was not within the issues and that appellant would not be entitled to prove that the notes had been paid in some other manner or by reason of a new and different contract than that contained in the instruments themselves, in the absence of an affirmative pleading.

In *Lindsay v. Wyatt,* 1 Ida. 738, it is held *inter alia*: "The true test whether matter is new, within the meaning of the code requiring a statement thereof to be contained in the answer, can best be determined by the effect and operation that it has upon the issues presented by the complaint. If it only controverts the original cause of action, tendering no new issue, it is merely a traverse, as nothing new is involved in it; and it cannot be called new matter, even though the traverse be expressed in affirmative words. If, on the other hand, it raises a new issue, or involves the introduction of a new ingredient as the basis of one, by way of confession and avoidance, then it is new matter, and must be pleaded affirmatively." (See also *Cupples v. Zupan,* 35 Ida. 458, 207 P. 328.)

In the instant case, respondent sued upon the notes alleging that they were due and payable. Appellant, in his answer, plead a general denial, that is, that they were not due and payable. Upon the trial of the issues thus framed, appellant sought to prove accord and satisfaction by reason of a compromise settlement entered into between the executrices of the Elizabeth Webster estate and himself, as executor of the A. T. Webster estate, and that by reason of said compromise settlement not only were all obligations due the Elizabeth Webster estate from the A. T. Webster estate released and discharged, but appellant, as a co-obligor on the notes, was also released and discharged from payment on said notes. He sought to establish, in the absence of an affirmative pleading, new matter, or a new contract in lieu of the original contract.

Because of what has heretofore been said, we have reached the conclusion that the other two assignments of error, which are the only errors assigned, need not be discussed.

The judgment is affirmed and it is so ordered. Costs to respondent.

Holden, C.J., and Ailshie, Givens, and Dunlap, JJ., concur.