301 P.2d 1111

Dora M. WERRY, also known as Dora M. Goodman, Plaintiff-Appellant,

v.

Frank GOODMAN and Valeria Goodman, husband and wife, Defendants-Respondents.

No. 8430.

Supreme Court of Idaho.

Oct. 2, 1956.

Joseph McFadden, Hailey, J. F. Martin and C. Ben Martin, Boise, for appellant.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondents.

**TAYLOR, Chief Justice.**

December 14, 1944, the defendants (respondents), husband and wife, executed and delivered to plaintiff (appellant) their promissory note in the sum of $16,000, payable on or before five years after date, with interest at the rate of 5% per annum. The note was originally secured by real and chattel mortgages, but at the request of the mortgagors the mortgages were not recorded until November 2, 1953. In the meantime the mortgaged property was sold with the knowledge and consent of the mortgagee. Upon the trial it was agreed, and the trial court found, that the security of the mortgage had been waived as to the real property, but plaintiff is entitled to be secured by the balance unpaid on the contract of sale.

The note bears five endorsements of payments of principal totaling $11,000. Upon the occasion of each payment, interest was computed at the rate of 4% per annum and paid to the date of payment. The balance of principal is endorsed opposite each payment. As a part of the last endorsement, bearing date "Jan 49", the balance of principal is entered, "5,000".

This action was commenced September 23, 1954. In her complaint appellant alleges that "various payments of principal and interest have been made. Last payment was made in November, 1953, at which time the interest was paid and principal balance reduced to $4,800; that all interest payments were computed and paid by defendants at the rate of 4% per annum instead of at rate of 5% per annum; that there is an amount due on principal of said note of $4,800 together with a balance of interest in the amount of $460, being balance due on all interest computed at 5%, together with interest at the rate of 5% from about the 20th day of November, 1953, on said principal amount of $4,800.00". A copy of the note is attached to the complaint as an exhibit, but the endorsements are not set out therein.

Defendants plead a general denial and then as follows:

"* * * admits the execution of the promissory note and mortgage described in said Complaint, and the making of payments thereon by the defendants as set forth in the said Complaint, and further admit that there is a balance remaining on said note and mortgage, but allege that the said balance is subject to an offset on account of money due from plaintiff to defendants as hereinafter set forth in defendants' Counter-Claim herein."

Appellant contends that the foregoing constitutes an admission that the balance due upon the note is the amount alleged by plaintiff, and coupled with the general denial, constitutes nothing more than a negative pregnant. It does not appear that the pleading should be so construed. The admission that there is a balance remaining on the note is not equivalent to an admission that that balance is the amount claimed by plaintiff, so as to preclude proof of further payments. We think the intent of the pleader is sufficiently clear. Nobach v. Scott, 20 Idaho 558, 119 P. 295.

The counterclaim alleges that on or about September 19, 1951, the plaintiff and defendants purchased certain real and personal property at Arco in Butte County as tenants in common; an undivided one-half to the plaintiff and an undivided one-half to the defendants; that it was agreed that plaintiff would contribute one-half of the purchase price and the defendants would contribute the other one-half; that plaintiff contributed $6,000 and defendants have contributed a total of $11,354.89, an excess of $5,354.89 over the amount contributed by plaintiff. Defendants claim one-half of such excess, or $2,677.44, as an offset against the amount due the plaintiff on the note in suit.

Upon the trial defendants introduced in evidence their cancelled check drawn by Mrs. Goodman, payable to plaintiff in the sum of $3,000, dated January 2, 1950. On the witness stand plaintiff acknowledged her endorsement, and receipt of the proceeds, of the check. At first she explained that she had not endorsed the payment on the note because at the time of its receipt she was preparing to leave for a trip to California. Then she thought it might have been given in payment of an old obligation of the defendants, her final testimony being that she did not know what it was for, or how she had applied it, and that she had no record of it. Both defendants testified it was given in response to her demand for, and as, a payment on the note. This evidence amply supports the trial court's finding that a payment of $3,000 was made on the principal of the note in January, 1950.

November 6, 1953, Mrs. Goodman paid to plaintiff in cash $1,000, for which she received plaintiff's receipt as follows:

"Received of Valeria Goodman $1000.00 (one thousand) dollars to pay all back interest on mortgage covering years 1950, 1951, 1952, 1953. $200.00 to apply on principal. Due $4800.00.

"/s/ Dora M. Werry

"Wit Pearl Guisasola

"Nov. 6, 1953." (Defendants' Exhibit 5.)

Interest on this occasion was also computed at 4%.

Appellant assigns as error the finding of the trial court that the insertion in the note of 5% was a mutual mistake; that the parties agreed upon 4% and intended to provide for interest at that rate. The evidence shows plaintiff had previously made loans to defendants and had always charged and collected interest at 4%. In her testimony plaintiff said she had not charged more than 4% until this note was executed. Although she testified that the agreement in this instance was for 5%, she also testified she received and accepted the interest payments at 4%, and, as evidenced by Exhibit 5, she accepted interest at that rate in payment of "all back interest" for the four years mentioned.

Appellant's present contention is that such evidence should not have been received because neither mistake nor accord and satisfaction were pleaded by defendants. To be relied upon, such affirmative defenses should be pleaded. Bowers v. Bennett, 30 Idaho 188, 164 P. 93; Cupples v. Zupan, 35 Idaho 458, 207 P. 328; Stone v. Webster, 65 Idaho 392, 144 P.2d 466; Boise City v. Better Homes, 72 Idaho 441, 243 P.2d 303; 45 Am.Jur., Reformation of Instruments, § 108; 76 C.J.S., Reformation of Instruments, § 76.

However, no such contention was made in the trial court. The case was tried on the theory that such issues were properly before the court. No objection was made on the ground the defenses were not pleaded. Want of pleading was therefore waived. Stone v. Webster, 65 Idaho 392, 144 P.2d 466.

In Marysville Development Co. v. Hargis, 41 Idaho 257, 239 P. 522, it was held that an agreement to discharge a debt for a sum smaller than is due, is valid and irrevocable when it is fully executed and evidenced by a written receipt. The application of that principle would result in the discharge of the obligation for interest up to November 6, 1953. We find no error in the findings or conclusions of the trial court on the issue of interest.

On the issues raised by the counterclaim, the court found that the parties had purchased property consisting of land, building, furniture, fixtures, and equipment, as tenants in common, the plaintiff to have an undivided one-half interest therein; that plaintiff had contributed $6,200 on the purchase price and that defendants

had contributed $11,049.61, $4,849.61 in excess of the amount contributed by plaintiff. Upon this property the prior owner had operated a bar and café, which was closed at the time of the purchase by the parties. Following its purchase the defendants, after doing some repairs and remodeling, opened the premises for business and commenced and continued the operation of a bar and café therein from November, 1951, until the end of the year 1952, when the failing business was closed. The court found that defendants had been in the sole and exclusive possession of the common property from the time of purchase to the closing of the business therein; that the reasonable rental value of such use and occupancy was $5,550; that plaintiff, as a tenant in common, is entitled to one-half of that amount—$2,775. This the court added to the amount unpaid on the note, $1,800 principal, $148 interest, for a total due plaintiff of $4,723. From this the court deducted $2,424.81, one-half of the excess advanced by defendants on the purchase price, and entered judgment for the plaintiff for the balance of $2,298.19.

By appropriate assignments, appellant makes two principal attacks upon the court's findings and conclusions as to the offset. First, advances made by a cotenant upon the common property give rise to a right to contribution from a fellow cotenant enforceable only against the interest of the fellow cotenant in the common

estate; that it is not a personal liability of the cotenant upon which a money judgment could be had; and that beyond his interest in the common property the cotenant is immune. This appears to be the settled law in this state. Thurston v. Holden, 45 Idaho 724, 265 P. 697. In the case at bar, however, that defense or objection to the offset was waived. The propriety of the counterclaim was not questioned in the trial court, nor was any objection, on that ground, made to the evidence offered to support it. On the contrary, when the deed to the common property (defendants' Exhibit 6) was offered in evidence and plaintiff objected to its materiality, the following occurred:

"The Court: I understand, Mr. McFadden, your objection is not as to the form, but to materiality?

"Mr. McFadden: Not competency, but to materiality.

"The Court: Well now, that raises a question; do you intend that to raise the question here whether this counterclaim is proper in this action?

"Mr. McFadden: No, Your Honor, it raises the question as to whether or not there is an actual delivery of this deed."

Plaintiff is bound by the theory upon which the case was tried. The objection cannot be raised for the first time in this court. Hepp v. Ader, 64 Idaho 240, 130

P.2d 859; Rollefson v. Lutheran Brotherhood, 64 Idaho 331, 132 P.2d 758; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686.

■ In her second challenge to the offset, appellant urges that the evidence is insufficient to sustain it. She contends that the $6,200 advanced by her on the purchase price was a loan to the defendants. Her testimony is to that effect. The defendant, Frank Goodman, testified that she agreed to purchase the property jointly with him. In the deed from the prior owner, the grantees are described as follows:

"Frank Goodman and Valeria Goodman, husband and wife, (one-half), and Dora Werry, a widow, (one-half)".

Although plaintiff testified she had not seen the deed, the evidence is it was recorded in Butte County on the 24th day of September, 1951, five days after its date. Though conflicting, we think the evidence is sufficient to support the finding of tenancy in common.

■ The note sued upon provides for the payment of a reasonable attorney's fee by the makers. Upon the trial, it was stipulated that if the court determined an attorney's fee should be allowed, the court should fix the fee without the introduction of evidence as to what would be a reasonable fee. The court found and allowed $125 as a reasonable fee. We have held that such a stipulation does not make it discretionary with the court as to whether a fee should be allowed; that the effect of the stipulation is to waive only the requirement of proof as to the reasonable value of services rendered; and that in event of such a stipulation, this court can determine the reasonable value of the services and fix the fee. Donaldson v. Josephson, 71 Idaho 207, 228 P.2d 941. A fee of $250 should have been allowed.

Accordingly, the cause is remanded with instructions to the trial court to modify its findings and judgment to find and allow appellant the sum of $250 for attorney's fee. As so modified, the judgment is affirmed.

Costs to respondents.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.