## W. J. Murphy *et al.* v. Hood & Lumley.

(Filed June 6, 1903.)

1. **CONTINUANCE—Law Governing.** It is the settled law of this court that the granting or refusing to grant a continuance of a cause, rests largely in the sound discretion of the trial court, and such ruling will not be disturbed by this court unless it clearly appears that there is an abuse of discretion.

2. **SAME—Absent Witness.** Where a continuance of the cause is sought on the ground of absent witnesses the party applying for a continuance must clearly and concisely state the facts which he expects to prove by such absent witness, and its materiality must clearly appear. Mere conclusions of fact or of law do not satisfy the requirements of the statute. It must further appear from the showing that the party has exercised due diligence, and that there is a probability of procuring the testimony of the witness within a reasonable time; and where the application for continuance is wanting in any of these essential matters, it is not error to refuse to grant a continuance.

3. **INSTRUCTION—Must Correctly State Law as Applied to Evidence.** Instruction number two, requested by the defendants, was rightfully refused by the court, since it did not correctly state the law as applied to the evidence, and as a consequence would have misled the jury.

4. **SALE—Bona Fides Question of Fact.** The bona fides of the sale or transfer in this case was a question of fact that was submitted to the jury under proper instructions of the court, and it is a well settled rule of this court that where the evidence reasonably sustains the findings of the jury, such finding will not be disturbed.·

(Syllabus by the Court.)
38—Vol 12

*Error from the District Court of Lincoln County; before John H. Burford, Trial Judge.*

*R. N. McConnell* and *M. Fulton,* for plaintiffs in error.

*S. D. Decker* and *Fred A. Wagoner,* for defendant in error.

Opinion of the court by

HAINER, J.:   This was an action brought by Hood and Lumley, defendants in error, against the plaintiff in error in the district court of Lincoln county, to recover the value of a certain stock of goods and merchandise alleged to have been wrongfully attached by the defendants in error and converted to their own use. The plaintiffs in error alleged in their answer that the goods were wrongfully taken under the writ of attachment, that the stock of goods was the property of Morrison, that Morrison was insolvent and in failing circumstances; and that Hood and Lumley, with knowledge thereof, purchased the said goods with the intent of aiding and assisting Morrison in defrauding his just creditors.   The defendants in error, plaintiffs in the court below, denied all the material allegations alleged in the answer of the defendants, and further alleged that the goods were purchased from Morrison for a valuable consideration, in good faith, and without any knowledge of the frauds alleged in defendant's answer. Upon the issue thus joined the cause was tried to a jury, and a verdict returned for the plaintiffs.   From this judgment the defendants appeal.

The plaintiffs in error seek to reverse the judgment of the court upon the following grounds: (1), That the court erred in overruling the application of the defendants for a

continuance of the cause;   (2), That the verdict of the jury
is not sustained by the evidence and is contrary to law, and
(3), That the court erred in refusing to give instruction num-
ber two requested by the defendants.  It is the settled law of
this court, and is the universal rule, that the granting or refus-
ing to grant a continuance of a cause rests largely in the
sound discretion of the trial court, and such ruling will not
be disturbed by the appellate court, unless it clearly ap-
pears that there is an abuse of discretion.  Section 329 of our
civil code provides as follows:

"A motion for a continuance, on account of the absence
of evidence, can be made only upon affidavit, showing the
materiality of the evidence expected to be obtained, and that
due diligence has been used to obtain it, and where the evi-
dence may be; and if it is for an absent witness, the affidavit
must show where the witness resides, if his residence is known
to the party, and the probability of procuring his testimony
within a reasonable time, and what facts he believes the wit-
ness will prove, and that he believes them to be true."

We think the application is insufficient in several mate-
rial matters. It fails to show due diligence to procure the tes-
timony of the absent witness; it fails to show that the same
facts could not be proven by other witnesses; it fails to show
that there is any probability of procuring the testimony of
the absent witness within a reasonable time; and it did not
state the facts in a clear and concise manner which the de-
fendant expected to prove by the absent witness.   Where a
party applying for a continuance desires the evidence of an
absent witness it is essential that he should state the facts
which he expects to establish by the witness, as he is required
to state them if he were taking the deposition of such wit-

ness. In other words, mere conclusions of fact or law do not satisfy the requirements of the statute. The evidence should be clearly and concisely stated, in order that the materiality of the testimony may clearly appear to the court. The showing was insufficient and, therefore, the application for continuance of the cause was properly denied.

It is next claimed that the evidence is insufficient to sustain the verdict. There is no merit in this contention. The *bona fides* of the transfer or sale was a question of fact that was submitted to the jury under appropriate instructions of the court. We have examined the evidence, and it is sufficient in every respect to sustain the finding of the jury, and it is the settled rule of this court that where the evidence reasonably sustains the findings of the jury, it will not be disturbed by this court.

And lastly it is contended by plaintiffs in error that the court erred in refusing to give instruction number two requested by the defendants. We think this instruction was rightfully refused by the court. It is not only misleading but it does not correctly state the law as applied to the evidence in this case. It did not state all the material facts necessary to be found in plaintiff's favor to entitle them to a verdict, as required by the instruction. Hood and Lumley were in actual possession of the stock of goods before the attachment was levied and this was not a controverted question on the trial of the cause. The general charge of the court fully and fairly stated every proposition of law applicable to the case. There was no error in the instructions.

Finding no error in the record prejudicial to the right of the plaintiffs in error, and believing that substantial justice

has been done, the judgment of the district court of Lincoln county is affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.