## BLUE GRASS OIL CO. v. CENTRAL TORPEDO CO.

No. 9881—Opinion Filed April 19, 1921.

Rehearing Denied May 17, 1921.

.(Syllabus.)

1. **Continuance — Application—Showing of Diligence.**

In an application for continuance it is not sufficient to allege that due diligence has been used, but the facts constituting due diligence must be set forth in order that the court may determine whether due diligence has been used.

2. **Appeal and Error—Judgment—Sufficiency of Evidence.**

Where a case is tried to the court and the evidence reasonably tends to support the judgment, such judgment will not be disturbed on appeal.

Error from Superior Court, Creek County, Drumright Division; Gaylord R. Wilcox, Judge.

Action by the Central Torpedo Company, a corporation, against the Blue Grass Oil Company, a corporation, for payment for material furnished and labor performed. Judgment for the plaintiff, and defendant brings error. Affirmed.

Steele & Watkins, for plaintiff in error.

G. C. Spillers, for defendant in error.

KANE, J. For convenience, parties will be referred to herein as they appeared in the trial court. Plaintiff's petition alleges a contract of September 2, 1916, whereby plaintiff was to furnish certain oil well supplies and material and to perform certain labor for the use and benefit of the defendant, upon a certain leasehold for oil and gas mining purposes belonging to the defendant, situated in Creek county, Oklahoma; that plaintiff furnished said material and performed said labor in accordance with said contract, and "that there remains due and payable from said defendant to this plaintiff the sum of $384.75; said plaintiff alleges that said ma-

terial was last furnished and that labor was last performed under said contract on the 29th day of October, 1916; that on the 27th day of February, within 120 days after the furnishing of said material and labor, the plaintiff filed a verified statement in the office of the clerk of the district court of Creek county, Oklahoma, containing the amount due from the plaintiff in error for said material furnished and labor performed, a copy of the same being attached as Exhibit A to the petition; that plaintiff has performed all the conditions of its contract, and that the statement of the account shown in Exhibit A is correct, and that there is now due to this plaintiff from said defendant the sum of $384.75, with interest thereon at the rate of six per cent. per annum from the 29th day of October, 1916"; that there are no other liens or claims of any other parties against the property above described; and concludes with a prayer for judgment for $384.75, with interest at 6 per cent. from October 29, 1916, $100 attorney's fees, costs of suit, foreclosure of its lien, and general relief. The petition was verified by the affidavit of W. E. Donaldson, as manager of the plaintiff corporation.

Plaintiff's petition was filed September 26, 1917. Summons was duly issued and was served on the defendant on the 28th day of September, 1917, and made returnable October 29, 1917. On October 23, 1917, defendant filed a special appearance and motion to quash service, which motion, after hearing, was by the trial court overruled on November 14, 1917. On November 20, 1917, defendant filed a demurrer to plaintiff's petition. and on January 26, 1918, after hearing, the demurrer was overruled. On February 9, 1918, defendant filed its answer to plaintiff's petition, setting up a general denial. On March 1, 1918, the defendant filed its motion for continuance, alleging, in substance, that its defense would be that the material furnished by the plaintiff was inferior and worthless and that the labor furnished was also of an inferior quality and was performed, if at all, by incompetent, untrained, and unskilled workmen; so that the contract was not in fact performed; and that one A. D. Brown was a necessary witness for the defendant, and that he was absent from the jurisdiction and out of the state, and "that the defendant has used every effort to locate said witness and procure his evidence and attendance at the trial of this cause, or obtain his deposition for use therein by writing letters, telephoning, and using the telegraph. and only located the said Brown two days ago, and that he cannot attend the trial on account of the long distance, he being some-

where in Southern Texas, in the employ of an oil company, and that on account of the short time it has been impossible to procure his deposition; and that this defendant has used due diligence in procuring his testimony. That the exact residence of said witness is not known to the defendant, but there is a reasonable certainty and probability of procuring his testimony within a reasonable time."

This motion for continuance was overruled, defendant excepting, and trial was had to the court on the same date, to wit, March 1, 1918.

The chief proposition relied upon by the defendant for reversal is that there was an abuse of discretion on the part of the trial court in refusing a continuance. It is argued that where a motion for continuance is filed within a reasonable time after the case is set for trial and compliance with the provisions of the statutes relating thereto, then it is an abuse of discretion on the part of the trial court to refuse a continuance moved on account of the absence of testimony. The proposition of law as stated by the defendant is correct and is supported by authorities, but is not applicable to the facts herein. In an application for continuance it is not sufficient to allege that due diligence has been used, but the facts constituting due diligence must be set forth in order that the court may determine whether due diligence has been used. Crutchfield v. Martin, 27 Okla. 764, 117 Pac. 194.

The granting of a continuance is a matter within the sound judicial discretion of the trial court, and unless it affirmatively appears that such discretion has been abused, this court will not interfere. Alva Roller Mills v. Simmons, 74 Oklahoma, 185 Pac. 76; Hutchings v. Cobble, 30 Okla. 158, 120 Pac. 1013; Murphy v. Hood, 12 Okla. 593, 73 Pac. 261.

Section 5044, Rev. Laws 1910, provides that the court may for good cause shown continue a case at any stage of the proceedings. Section 5045 provides that an affidavit must be made "showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true."

Plaintiff urges that the verification of the motion does not comply with the statutory requirement for verification of an affidavit for continuance, and that the motion does not allege sufficient facts for continuance. We shall consider only the second objection.

Where, as here, there has been no specific showing as to what effort has been made to locate a witness, and where the motion for continuance is not filed until the date the case is set for trial, we are not prepared to say that it was an abuse of discretion on the part of the trial court to overrule the motion for continuance.

It is further contended that the trial court erred in establishing and foreclosing a mechanic's lien on the leasehold and fixtures of the plaintiff in error. Defendant argues the proposition that it is a condition precedent to the establishment of a lien and the foreclosure thereof that the evidence show the filing of a proper lien statement within the time required by law, where an allegation of such filing is traversed. Again the facts of the case do not support the proposition which defendant's counsel contend for. Plaintiff's petition contains an allegation that a verified statement of the lien was filed in the office of the clerk of the district court of Creek county, and attached to such petition is an exhibit showing the statement of such lien. The record of the trial, c. m. p. 68, contains the following statement of counsel for the defendant: "This is a case of foreclosure of mechanic's lien involving $384.75." The case was tried to the court without a jury. The statement of counsel for the defendant alone is sufficient answer to the defendant's argument that the trial court erred in finding that there was a mechanic's lien.

Defendant's further argument goes to the sufficiency of the evidence. This court has repeatedly held that in a case tried to the court, where the evidence reasonably tends to support the judgment of the trial court, such judgment will not be disturbed on appeal. Union Sav. Assn. v. Cummins, 78 Okla. 265, 188 Pac. 1069; Hines v. Olsen, 78 Okla. 259, 185 Pac. 436; Stone v. Stone, 66 Oklahoma, 168 Pac. 423.

For the reasons stated, the judgment of the trial court will be affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.