**DAVIS, Federal Agent, v. DAVIS et al.**

No. 13715—Opinion Filed Sept. 30, 1924.

**1. Accord and Satisfaction—Definition.**

An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is, or considers himself, entitled to; and a satisfaction is the execution of such agreement.

**2. Same—Acceptance as Bar.**

Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction, as the rule that receipt of a part of the debt due, under an agreement same shall be in full satisfaction, is not a bar to any action to recover the balance, does not apply where the plaintiff's claim is disputed or unliquidated, and the fact that the creditor was not bound to make any abatement of his claim, or that the amount accepted was much less than the creditor was entitled to recover and would have recovered had he brought action, does not in any way affect the rule.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by James C. Davis, Federal Agent of Railroads, against Joe Davis and Joe Pack. Judgment for defendants, and plaintiff appeals. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and W. T. Stratton, for plaintiff in error.

Giddings & Giddings, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Oklahoma county on the 14th day of August, 1920, by the appellant, plaintiff in the trial court, against the defendants, appellees herein, to recover

the sum of $500. The facts are, as disclosed by the record, that in August, 1918, at which time the Director General of Railroads was in charge of and operating all railroad systems, the defendants, Davis and Pack, purchased two bills of clothing, one from S. Spector of New York City, which invoiced $500, and another from H. Frost of New York City, which invoiced $450. The Spector shipment was delivered to the carrier in New York City, who issued bill of lading to the said Spector covering said shipment, and said Spector attached thereto an invoice of the clothing shipped; and also attached to said bill of lading a sight draft on the said defendants, Davis and Pack, at Oklahoma City, in the sum of $500, representing the value of said shipment. And it is alleged in plaintiff's petition that said instruments were mailed to the American National Bank of Oklahoma City, for collection. It further appears from the record that at about the same time and manner the Frost shipment was made, and in August of 1918, the defendants, who were expecting both shipments, received notice from a local bank in Oklahoma City of the arrival of the bill of lading and invoice with draft attached, for the Frost shipment, which invoiced $450, and the defendants were duly notified by the bank of the receipt of this item, whereupon the defendants went to the bank and gave their check for the draft drawn on them by Frost, and received the bill of lading and invoice for the Frost shipment which was for clothing, and about the same weight shipment of the Spector shipment. Defendants delivered the bill of lading to the O. K. Bus Transfer Company, whose agent delivered same to the agent of the Frisco Railroad Company, and received from said agent of the railroad company the bill of goods purchased from Spector, rather than the Frost shipment. The fact that an error had been committed was not known to the agent of the transfer company, and he received the goods, acting under the impression that they were the goods called for by the bill of lading delivered to the railroad agent, and delivered said shipment to Davis and Pack, defendants herein. The day following Davis and Pack opened the goods, and then discovered the error, and immediately called the agent of the Frisco Railroad Company, advising him of the same, and it appears from the record that the agent of the carrier suggested that the defendants retain the goods, and that the matter could be adjusted at such time as the Frost shipment was received and delivered to defendants. The Frost shipment seems to have been lost, and was never delivered to the defendants, and so far as the record discloses the matter received no further consideration until April 16, 1919, at which time the defendants, Davis and Pack, received a letter from the auditor, freight accounts, United States Railroad Administration, which is as follows:

"Okla. City, April 16, 1919.
"TB-26.

"Davis & Pack,
"Okla. City, Okla.
"Gentlemen:

"On August 2, 1918, S. Spector of New York forwarded to you two cases clothing, weighing 870 lbs. August 16, 1918 H. Frost forwarded to you two cases clothing, approximately the same weight. Both shipments moved under Order Notify instructions.

"The draft covering the Frost shipment, which moved August 16th, was taken care of by your company, and the bill lading presented to Frisco agent on which you received the incorrect shipment, as you received and receipted for two cases forwarded from S. Spector on August 2nd. Our records show a clear receipt, and as you no doubt have received both shipments I would appreciate you letting me have your check to cover the S. Spector draft in order to save any unnecessary legal steps, which would necessarily make additional expense and have the same result, as the two cases shipped by S. Spector on August 2nd were received by you on presentation of bill of lading in favor of H. Frost which was shipped on the 16th of August, and our clear receipt shows that the shipment was received."

"Yours truly.
"JLK-MW."

The letter received was handed to Messrs. Giddings & Giddings, attorneys at law, to which they replied as follows:

"April 30, 1919.
"Mr. F. C. Freiburg, Auditor,
"Freight Accounts,
"U. S. Railroad Administration,
"St. Louis, Missouri.
"Dear Sir:

"Messrs. Davis & Pack of this city, our clients, have turned over to us for reply and attention your favor to them under date of April 16th, your file No. TB-26. The facts of the matter are these:

"Davis & Pack made two purchases in New York, one from S. Spector, and one from H. Frost, mentioned in your letter. The Spector shipment arrived, of about the same weight as what should have been the Frost shipment. Our clients never got the Frost shipment, but Frost got the money due upon the Spector shipment by mistake, —the Spector shipment being delivered them

by mistake, instead of the Frost shipment. In other words, due to no fault of theirs, Frost has got the money that belongs to Spector, and our clients have never gotten at any time, the Frost shipment.

"You may rest assured that if Davis & Pack had gotten this shipment, they would have paid 'or same promptly. We trust we have made it clear that the Spector boxes, instead of the Frost boxes were delivered. We do not see where our clients are liable under this condition of affairs, but do see where Spector has his remedy against the carrier responsible. Our clients duly paid the amount of the Frost shipment, through this mistake, amounting to $450 while the Spector shipment amounted to $500, which leaves a difference of $50 that they are quite willing to pay if they will get the rest of the money, which was deposited and paid.

"Yours very truly,

"Giddings & Giddings,

"By E. J. G.

"EJG-A."

' To which the following response was made by the United States Railroad Administration:

"June 16, 1919.

"Messrs. Giddings & Giddings,

"Attorneys at Law,

"Sapulpa, Oklahoma.

"Gentlemen:

"Please refer to your file of April 30th regarding Messrs. Davis & Pack of your city, who turned over to you for reply and attention, my favor to them under date of April 16th.

"We are now preparing to issue a voucher to cover the $500 claim from Mr. F. Spector. In as much as your clients received the Spector shipment invoice value $450, will ask that you please forward to this office a certified check for the $50 difference. This company will then be outstanding $450 which we will endeavor to collect from the A. T. & S. F.

"Am enclosing stamped envelope and will appreciate an early reply from you

"Yours truly,

"RRS-"

—to which there seems to have been no reply. Another letter was written by the railroad administration on July 8, 1919, as follows:

"July 8, 1919,

"Giddings & Giddings,

"Attorneys at Law,

TB-26.

"Oklahoma City, Okla.

"Gentlemen:

"Under date of June 16th I wrote you relative to your letter of April 30th in regard to your client Davis & Pack. This letter covered two shipments of clothing, one from Spector and another from Frost consigned to your clients. Mr. Spector has filed claim for $500 covering his shipment which was delivered to Davis & Pack on the B-L covering the shipment from Frost. The Frost shipment was valued at $450.

"We are this day issuing our voucher No. 1102 for $500 on favor of Mr. Spector. Inasmuch as, the clients received the Spector shipment on the Frost B-L will ask that you please forward to this office certified check for the $50 difference.

"I am again enclosing stamped envelope, and will appreciate an early reply.

"Yours truly,

"RRS-EA."

In reply to which the following letter was written, accompanied by cashier's check, and duly forwarded to the railroad administration by Giddings and Giddings, attorneys for the defendants, Davis and Pack:

"July 23rd, 1919.

"Auditor, Freight Accounts,

"St. L. & S. F. Railroad Co.,

"St. Louis, Missouri.

"Dear Sir:

"Please find enclosed Cashier's check for $50 from Davis & Pack of this city, in accordance with copy of letter enclosed.

"Yours very truly,

Giddings & Giddings,

"By (Sgd.) T. A. Carson.

"TAC-A

"Encs. 2.

(Written in ink across face):

"Make Spec. Rem.

"Cr Acct A 411

"Acct Voucher 1102 July 19

"Note Spec Rem Attached."

The case was tried to the court without the intervention of a jury, and on the introduction of evidence on the part of the plaintiff and defendants, the court rendered judgment in favor of the defendants and against the plaintiff, and made the following finding of fact and conclusions of law:

"The court finds that a shipment of two cases of clothing was made by one S. Spector from New York City, consigned to his order at Oklahoma City, with instructions to notify Davis & Pack, the defendants, on arrival, said shipment being made under terms of bill of lading, as per copy attached to plaintiff's petition and that it arrived at Oklahoma City over the lines of the St. Louis-San Francisco Railroad, in charge of the Director General and the invoice value of said shipment was $500.

"The court further finds that said S. Spector at the time of shipment drew on the defendants, Davis & Pack, for $500 covering the invoice value of said shipment, and attached said draft to the bill of lading, sending same through his bank for collection from said defendants.

"The court further finds that one H. Frost made a shipment from New York City at about the same time, same being consigned to his order with instruction to notify the defendants, Davis & Pack, on arrival, and that said shipment was of the invoice value of $450, and that the said H. Frost drew draft on the defendants for $450, covering the invoice value of same, and attached said draft to bill of lading, covering said shipment, sending same through his bank for collection at Oklahoma City.

"The court further finds that the defendants, Davis & Pack, paid draft for $450, covering invoice value of the shipment made by H. Frost, secured bill of lading issued to said H. Frost, covering said shipment, and surrendered said bill of lading to the agent of the plaintiff at Oklahoma City; whereupon, through mistake, the said agent of the plaintiff delivered to the defendants the shipment made by S. Spector, without authority of said S. Spector, and without his consent.

"The court further finds that the defendants, Davis & Pack, have not paid the draft drawn by said S. Spector and attached to bill of lading covering shipment made by him, and have not paid said S. Spector for the value of said shipment, nor any part thereof, but that the plaintiff has paid the invoice value of said shipment to said S. Spector, and that the said S. Spector has assigned to plaintiff all claims and causes of action which he has, or has against the defendants, arising out of said shipment and the delivery of same to the defendants, and further finds that the plaintiff is the lawful holder of the bill of lading covering said shipment.

"The court further finds that the defendants paid at the request of the plaintiff and the plaintiff accepted the sum of $50, in full satisfaction and discharge of any and all claims or causes of action which the plaintiff had or has, or may hereafter have against the defendants. Davis & Pack, arising out of the delivery to said defendants of said shipment made by S. Spector.

"As a conclusion of law, the court finds that there was an accord and satisfaction between the parties, plaintiff and defendants, by virtue of the payment by the defendants, and the acceptance by the plaintiff of the said sum of $50, and that the plaintiff as a result thereof is not entitled to recover in this action.

"For the reasons above set out, it is ordered and adjudged that the plaintiff take nothing by this action, and that the defendants recover their costs."

Plaintiff duly excepts to the judgment and findings of the court, motion for a new trial was filed and overruled, and plaintiff appealed to this court. The finding of fact by the court as set forth seems to be a correct finding of facts, as established by the evidence in the case, and no exceptions of objection are made to the findings of the court so far as the facts are concerned.

Appellant set forth various assignments of error, but only urges the error complained of as to the sufficiency of the evidence to sustain the judgment, and that the court committed error in holding under the evidence that the sum of $50 was accepted by the plaintiff in error in accord and satisfaction of said cause of action, and in finding as a conclusion of law that there was an accord and satisfaction. Appellant calls attention to the fact that both the Frost and Spector shipments were under "shipper's order, notify" bills of lading in each instance. As is well known, title to the goods was reserved in the shipper until draft was paid, and appellant cites the cases of Frisco v. Allen, 31 Okla. 248, 120 Pac. 1090, and Bennett v. Dickinson (Kan.) 186 Pac. 1005, and makes the contention that when the defendants paid the draft secured by the bill of lading covering the Frost shipment, that title to the goods represented by bill of lading passed to the defendants, and that the plaintiff acquired no right of action against anyone in so far as the Frost shipment was concerned, as it was not the lawful holder of the bill of lading or beneficially interested in the shipment, but we do not see the applicability of this rule of law to the facts with which we are confronted. The carrier, which was at that time under the supervision and direct control of the Director General of Railroads, delivered through error the Spector shipment to the defendants, Davis and Pack, without the bill of lading, and after the error was discovered permitted, and in fact recommended, that these defendants retain the shipment, and we cannot agree with counsel for appellant that under these facts and circumstances the defendants herein could be charged with conversion of the property. The carrier was responsible for the property until it was delivered to the consignee, on presentation of the bill of lading, and we think that the carrier waived his rights by a ratification of the delivery without bill of lading after the error was discovered and made known to them.

The real issue in this case, however, is based upon the error complained of wherein the court found as a conclusion of law that the agreement made and entered into by the correspondence heretofore quoted in this

opinion constituted an accord and satisfaction. The record shows that in April, 1919, the agents of the Director General, appellant herein, took the matter up with Davis and Pack in an attempt to collect $500 from the defendants, Davis and Pack, the invoice value of the Spector shipment of goods, which had been received by the defendants, and on receiving an explanation of the situation, as made by Giddings and Giddings, attorneys for the defendants, and following the suggestion made by the attorneys, that their clients, Davis and Pack, were willing to pay $50, the difference between the invoice value of the Spector shipment and the amount which they paid when they received the bill of lading for the Frost shipment, towit, $450, appellants offered to accept said suggestion or offer of settlement by Giddings and Giddings, and, thereafter, Davis and Pack forwarded their draft to the appellant herein for $50 in settlement of the matter in controversy, which was received and retained.

Appellant contends that the facts existing in the case do not constitute an accord and satisfaction, and cite numerous authorities in support of their contention. Among others is a quotation from 1 Corpus Juris, 523, wherein the author of the text defines accord and satisfaction as follows:

"An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to; and a satisfaction is the execution of such agreement."

This is a well recognized and correct definition of accord and satisfaction, and in our judgment is applicable to the facts as disclosed by the record in this case. Appellee calls attention to the case of Bingham v. Browning (Ill.) 64 N. E. 317, wherein the court held:

"Where there is a bona fide dispute as to the amount due from one party to another, the matter is to be considered as an unliquidated demand."

In this case, we think there was a bona fide dispute as to the amount due, the plaintiff demanded and was insisting that defendants were due them, and should pay $500 on the other hand the defendants disputed the demand for $500 and made the contention that $50 was all that was due and for which they were liable, and the defendants' contention was accepted by the appellant, and thereafter the defendants complied with this agreement and paid the appellant $50, which was received and retained by the appellants, and we think this clearly constitutes an accord and satisfaction, and appears to be a very equitable adjustment of this controversy; had no adjustment or settlement been made the controversy might have been more complicated. The plaintiff no doubt would have had a right to maintain his cause of action against the defendants for the value of the Spector shipment, but on the other hand the defendants, having paid the draft and received the bill of lading for the Frost shipment, which they have never received. and which by reason of the payment of the draft and the delivery of the bill of lading became the property of the defendants, a just cause of action against the Director General of Railroads for failure to deliver said shipment, and when the entire transaction is analyzed the result would have been that the plaintiff would have recovered judgment for $500, and the defendants would have recovered judgment for $450, and $50 would have been the difference between the two judgments. This amount having been paid by reason of the agreement as set forth in the correspondence, we think constitutes such a settlement as is recognized in law and binding upon the parties. The appellees further cite 1 Cyc. 329, wherein the author of the text said:

"Where a claim is unliquidated or in dispute, payment and acceptance of a lesser sum than claimed in satisfaction, operates as an accord and satisfaction, as the rule that receipt of a part of the debt due, under an agreement same shall be in full satisfaction, is not a bar to any action to recover the balance, does not apply where the plaintiff's claim is disputed or unliquidated, and the fact that the creditor was not bound to make any abatement of his claim, or that the amount accepted was much less than the creditor was entitled to recover and would have recovered had he brought action, does not in any way affect the rule."

This rule, we think very aptly covers the case at bar. Appellees also cite 1 Cyc. 332, as follows:

"The mere fact that a creditor receives less than the amount of his claim with knowledge that the debtor claims to be indebted to him only to the extent of the payment, does not necessarily establish an accord and satisfaction. Where, however, a sum of money is tendered in satisfaction of a claim and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an ac-

ceptance of the money offered constitutes an accord and satisfaction."

Finding no error in this case, we recommend that same be affirmed.

By the Court: It is so ordered.