FERN v. FIRST NAT. BANK of ANADARKO.

No. 17017—Opinion Filed Sept. 21, 1926.

Accord and Satisfaction—Elements—Pleading and Proof.

There are three elements to constitute accord and satisfaction; (1) Liability of the

defendant; (2) agreement of the amount to be paid; and (3) acceptance of this agreement in settlement of the original claim or dispute; and where a defendant sets up in his answer accord and satisfaction, he must plead and prove each of the foregoing elements before he is entitled to recover.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Grady County; Will Linn, Judge.

Action by First National Bank of Anadarko against B. W. Fern on promissory note. Judgment for plaintiff, and defendant appeals. Affirmed.

Wm. Stacey, for plaintiff in error.

Pruett & Wamsley, for defendant in error.

Opinion by MAXEY, C. The plaintiff in error, defendant below, purchased a hay baler and engine from a dealer in Anadarko named Maine, and as part payment gave a note for $500, which was payable 30 days from date. Maine immediately afterwards sold the note to the defendant in error, First National Bank of Anadarko, $250 was paid within 30 days, and a new note and chattel mortgage given for the balance due. This note is dated June 14, 1923, and made payable October 1, 1923. The note was not paid when due, and payment was deferred until the spring of 1924, when the defendant in error, bank, commenced pressing for collection, and finally placed the note in the hands of an attorney for collection. On May 26, 1924, the attorneys for the bank wrote the defendant regarding payment of the note, to which he replied, in substance, that he was unable to pay, but that they could take the baler and engine in full payment and return the note to him, or that he would take the baler and engine to the bank. On June 4th, the bank's attorney replied to this letter, stating, in effect, that they could not accept the proposition, but if he would bring the baler and engine in they would sell them at public auction and apply the proceeds on the note. Fern did not reply to this letter, but a short time afterwards found that the bank had sold the baler and engine, and received $50 for same, and credited it on the note; and thereafter brought suit against Fern for the balance due on the note. Fern's only defense was accord and satisfaction, claiming that inasmuch as the bank had taken the baler and engine and sold it, that that was a satisfaction of the note. The letters that were passed between Fern and the attorneys for the bank were introduced in evidence, and at the close of the testimony, the bank moved

for a directed verdict, which motion was sustained by the court, and judgment entered for the amount due on the note. At the time of this motion for a directed verdict, or a demurrer to the defendant's evidence, as it is styled, the following colloquy took place between the trial judge and the attorneys for defendant:

"The Court: I think the demurrer is good, gentlemen. Mr. Stacey: We do not allege any specific contract in our answer at all; we say we made this proposition and they acted on it, accepted it, and acted on it. The Court: You stated to the jury that your sole defense was that you offered this baler in full payment of the note and that they accepted it and sold it. Your proof shows this state of facts, that you offered to do that and they wrote you back 'we won't do it'—Mr. Stacey: Yes, but they went ahead and did it. The Court: You say they had a mortgage on it, in your proof?—Mr. Stacey: The evidence shows they didn't proceed under the mortgage. The Court: You don't sue for conversion; you sue on a positive agreement. They notified you, 'We will take it and sell it, but we will only credit you on the note for the amount it brings, and you will owe us the balance of it'; that they went on and proceeded to sell it. You didn't answer that letter. Mr. Stacey: It was sold right away, if the court please. The Court: I don't know whether it was or not. I will sustain the demurrer; judgment rendered for the plaintiff, and the jury discharged."

We quote this much from the record to show what the contention of plaintiff in error was.

The defendant's answer set up the correspondence between him and the attorneys for the bank, and the taking of the baler and engine and selling it by the bank as accord and satisfaction, but we think the letters that passed between the attorneys and Fern do not constitute an accord and satisfaction. This court, in the case of Gunn v. Fryburger, 71 Okla. 170, 176 Pac. 248, defines accord and satisfaction as follows:

"To constitute accord and satisfaction there are three elements necessary: (1) Liability of the defendant; (2) agreement of the amount to be paid; and (3) acceptance of this agreement in settlement of the original claim or dispute."

See, also, Continental Gin Co. v. Arnold, 52 Okla. 569, 153 Pac. 160; Gentry v. Fife, 56 Okla. 1, 155 Pac. 246.

The evidence introduced by defendant in the trial shows that two of these elements are lacking: Agreement of the amount to be paid and the acceptance of this agreement in settlement of claim of the plaintiff against defend-

ant. The offer of the defendant was to turn over the baler and the engine to the plaintiff in full satisfaction and payment of his note. The reply to that proposition explicitly states that his proposition would not be acceptable, and if the bank was forced to take possession of the engine and baler, it would be sold and the proceeds thereof applied on the note, and that the bank would hold the defendant for any residue due on said note.

We think the court was right in holding that the transaction did not amount to an accord and satisfaction. There is some contention on the part of Fern that the bank sold the baler and engine at private sale instead of advertising it and selling it at public sale. We think there is nothing in this contention, for the mortgage which was introduced in evidence provides that in case of the failure to pay the note when due, the bank is authorized to take said property wherever it may be found, and dispose of same at public auction, or private sale, without notice, at the place where said property is found, or any place in the county where found or taken. The bank was empowered, by said mortgage, to take possession of the property and sell it at public or private sale. If there was any irregularity about the said sale, or any fraud in connection with said sale, whereby the property did not bring as much as it would have brought if the sale had been conducted fairly, then Fern might have an action against the bank for conversion, but not accord and satisfaction.

Under the facts in this case, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See 1 C. J. p. 529, § 16; p. 530, § 16; p. 574, § 116 (Anno); p. 576, § 120.