### IMPROVED INDUSTRIAL ORDER OF WISEMEN v. MUSKOGEE SECURITY NAT. BANK et al.

No. 18445. Opinion Filed Oct. 1, 1929.

H. R. Edwards and H. T. Walker, for plaintiff in error.

Earl Bohannon and R. Emmett Stewart, for defendants in error.

LEACH, C. This action was commenced in the district court of Muskogee county by the Improved Industrial Order of Wisemen, as plaintiff, against the Muskogee Security National Bank and the Grand United Order of Odd Fellows, as defendants. Later, upon motion, L. R. Kershaw, who had been appointed receiver of the defendant bank, was made a party to the suit.

Plaintiff alleged, in substance, in its petition, that it was a fraternal insurance company, with its principal office at Muskogee; that the Muskogee Security National Bank is the consolidated bank of the Muskogee National and Central State Banks, and as such assumed the obligations and liabilities of the Muskogee National Bank; that the Grand United Order of Odd Fellows is a fraternal insurance company with headquarters at Muskogee: that, on the 18th of March, 1921, the plaintiff transferred from its checking account in the Muskogee National Bank the sum of $2,000, and placed it on time deposit and received therefor a certificate of deposit, a copy of which is as follows:

"The Muskogee National Bank No. 4248.
"Certificate of Deposit.

"(Not subject to check) Muskogee, Okla., Mar. 18, 1921.

$2000.00

"Improved Industrial Order of Wisemen. E. N. Guillory, Treas.. has deposited in this bank Exactly Two Thousand Dollars. Exactly _____Dollars
100

"Payable to the order of E. N. Guillory, Treas., in current funds, 6 months after date on the return of this certificate properly in-

dorsed, with interest until maturity only at 4 per cent per annum.

"No interest after maturity.

"This bank reserves the right to demand 30 days notice of withdrawal.

"L. C. Parmenter.
"Vice President."

That before six months had expired, and without the knowledge, consent, or approval of the plaintiff, the Muskogee National Bank, through its officer, J. M. Sproles, and the Grand United Order of Odd Fellows, through its officer or agent, E. N. Guillory, did wrongfully, knowingly, and jointly, acting together, with the purpose of defeating this plaintiff of its rights in and to said certificate of deposit, transfer said certificate of deposit of $2,000 to the credit of the defendant, the Grand United Order of Odd Fellows; that after the expiration of six months from the date of the certificate of deposit, the plaintiff made demand on the Muskogee National Bank to pay it the said $2,000 with interest, but said bank paid plaintiff only $1,000; that it does not know which one of the defendants now holds the remainder, but that both of the defendants are indebted to plaintiff for the balance of $1,000, with interest thereon, and prayed judgment therefor.

The Muskogee Security National Bank filed its answer in the case, in which it generally denied the allegations of plaintiff's petition, specifically denied that it was a consolidated bank or assumed the obligations and liabilities of the Muskogee National Bank; and alleged that about June 7, 1921, E. N. Guillory, mentioned in the certificate of deposit referred to in plaintiff's petition, was the treasurer for plaintiff and in custody and charge of the funds of the plaintiff, and did on said date present the certificate of deposit duly endorsed to the Muskogee National Bank and demanded and received payment thereon of the full amount due, and that the bank thereupon was discharged of further liability on the certificate; that later the plaintiff demanded payment of said indebtedness from the Muskogee National Bank, but the bank denied liability therefor; that, on October 12, 1921, the said bank, still denying its liability, submitted to the plaintiff a proposition of settlement in writing wherein the bank offered to pay the plaintiff the sum of $1,000 in full settlement of the alleged claims growing out of the issuance of the certificate, such payment being conditioned that the governing body of the plaintiff adopt a resolution

accepting the offer of settlement, and that the bank be subrogated to any claim or recovery which the plaintiff might have against E. N. Guillory; that the board of managers of the plaintiff company met on October 19, 1921, pursuant to call, and by resolution duly accepted the bank's offer, and thereupon such bank paid the plaintiff the sum of $1,000 in accordance with the offer and resolution and took receipt therefor.

The Grand United Order of Odd Fellows filed its verified answer in the cause wherein it generally denied the allegations of plaintiff's petition, except it admitted it was a domestic fraternal benefit society, and that the Muskogee National Bank issued to plaintiff a certificate of deposit as alleged, but denied that the same was for funds belonging to the plaintiff. Further answering, it alleged that E. N. Guillory was, on November 6, 1920, and at all time thereafter up to and including March 18, 1921, treasurer of the plaintiff, and was at the same time treasurer of the burial department of the answering defendant, and as such officer of the answering defendant had funds belonging to it in the sum of $1,410; that on November 6, 1920, the plaintiff, by its president, W. T. Hodges, and E. N. Guillory, as treasurer of defendant order, conspired, confederated, and acting together with the purpose and intent of cheating and defrauding the defendant, entered into an agreement by which the said E. N. Guillory, in pursuance thereof, procured, took from defendant, and delivered to the plaintiff, without the consent of the answering defendant, the sum of $1,410 and did place the same on deposit in the Muskogee National Bank to the credit of the plaintiff and that plaintiff thereafter converted and used the same for its own benefit and has retained and withheld said sum from the answering defendant; that the answering defendant did not know of the fraudulent taking of said sum, nor of the appropriation thereof by the plaintiff until April, 1925, and prayed judgment against the plaintiff for the sum of $1,410 with interest and attorneys' fees.

The plaintiff filed a reply generally denying the new matter set up in the answers, and further alleged that the plaintiff's board of managers were without authority to settle and compromise the liquidated obligation owing by the bank; and that the purported settlement and compromise was procured by fraud and misrepresentation on the part of the officers of the bank, and that such

settlement was repudiated by the Supreme Grand Session.

On the issues so framed, a trial was had, and at the conclusion of plaintiff's evidence, the court sustained the demurrer of the Muskogee Security National Bank to the plaintiff's evidence, and the trial proceeded on the issues between the plaintiff and Grand United Order of Odd Fellows, resulting in a verdict for the Grand United Order of Odd Fellows against the plaintiff, for the sum of $1,410, without interest, and judgment was entered accordingly from which the plaintiff appeals, and as grounds for reversal sets up several assignments of error in its petition filed herein.

The first assignment of error and proposition presented and argued in the brief of the plaintiff covers its first and second assignment of error, which relate to the alleged error and action of the trial court in sustaining the demurrer of the defendant bank to plaintiff's evidence, and in overruling motion for a new trial.

Plaintiff, in support of its first proposition, says that its board of managers were only an agent for the principal or Supreme Council of the order, and that the Supreme Council had the authority to and did repudiate the compromise settlement made by the board, and further says that the principle of law involved and applicable is that of accord and satisfaction, and quotes from 1 Corpus Juris, 523, 538, 539, and relies thereon together with the authorities cited by the author of the text. The following Oklahoma cases are also cited and relied upon by the plaintiff: Sherman v. Pacific Coast Pipe Co., 60 Okla. 103, 159 Pac. 333; Commercial Union Assurance Co., Ltd., v. Creek Cotton Oil Co., 96 Okla. 189, 221 Pac. 499; Sanditen v. Allied Refining Co., 84 Okla. 47, 202 Pac. 316; Munn v. Mid-Continent Motor Securities Co., 100 Okla. 105, 228 Pac. 150.

No fault can be found with the principles of law announced in the text and cases cited, and relied upon, but we do not consider the facts in the instant case sufficient to bring it within the same rule and conclusion announced in the cases cited and sought to be applied here.

In Sherman v. Pacific Coast Pipe Co. Case, supra, it was shown that there was no dispute on the account in question until and at the time the debtor mailed a check to the creditor, the debtor having previously indicated that the account submitted was correct, and under the facts there presented, the court held that there was no bona fide dispute as to the items or the amount due on the account sued on, and that the creditor was not barred by reason of having cashed the check mailed by the debtor. In the Munn v. Mid-Continent Motor Securities Co. Case, supra, it was shown that the creditor signed a receipt indicating full satisfaction of his claim, but alleged and established that he gave notice to the debtor at the time of the acceptance and execution of the receipt that he would not be bound thereby, and proposed to bring an action to recover certain sums which he claimed to be due him, and the court held in the syllabus of that case:

"It is a settled rule that, if the compromise agreement is accepted in satisfaction of the original demand, and the agreement to accept is based on sufficient consideration, the original demand is extinguished, and cannot be the foundation of an action, and it makes no difference whether the original demand was made on tort or on contract; but the promise or agreement will not operate as a satisfaction of the original debt or demand, unless the claimant intended to accept it as such, and such intention must be alleged and proven."

The definition of accord and satisfaction, as quoted in the brief of the plaintiff, was approved in Davis v. Davis, 103 Okla. 83, 229 Pac. 479, and is part of the syllabus. That case also apparently cited with approval the holding in the case of Bingham v. Browning (Ill.) 64 N. E. 317, the syllabus of which reads:

"1. Where the evidence shows a dispute between partners as to whether certain amounts withdrawn by a retiring partner before the conclusion of negotiations for the purchase of his share in the firm, should be deducted from the amount agreed to be paid to him, and that such retiring partner voluntarily gave a receipt in full for the amount agreed upon, less the amounts he had withdrawn, the acceptance of such amount operates as a bar to the recovery by him of the amount in dispute.

"2. The fact that a contract for the payment of money is in writing does not make the claim a liquidated demand, so as to render inoperative a settlement of the claim for a less amount."

In the Davis Case, supra, the court refers to and quotes from 1 Cyc. 329-332, in support of the second paragraph of the syllabus in that case, which reads:

"Where a claim is unliquidated or in dispute, payment and acceptance of a less sum

# 20

than claimed in satisfaction operates as an accord and satisfaction, as the rule that receipt of a part of the debt due, under an agreement same shall be in full satisfaction, is not a bar to any action to recover the balance, does not apply where the plaintiff's claim is disputed or unliquidated, and the fact that the creditor was not bound to make any abatement of his claim, or that the amount accepted was much less than the creditor was entitled to recover and would have recovered had he brought action, does not in any way affect the rule."

We consider the rule as announced in the syllabus of the Davis Case, supra, to be controlling upon the question here under discussion and under the facts of the present case.

In the instant case the proof discloses that the plaintiff withdrew from its checking account in the Muskogee National Bank the sum of $2,000, placed it on time deposit in the same bank, and received certificate of deposit therefor in the name of E. N. Guillory, its treasurer. Before the expiration of six months from the date of the certificate, the treasurer presented the certificate to the issuing bank and made demand thereon for payment and received the sum specified therein. The plaintiff argues, without citation of authority in support thereof, that under the conditions of the certificate, the bank had no authority to pay the certificate until the expiration of six months from its date. We fail to see why it could not do so at any time the certificate was presented provided the bank acted in good faith. If the treasurer of the plaintiff association had the right to surrender and collect on the certificate at the expiration of six months from the date thereof, we fail to see why he could not collect before the expiration of six months. The condition as to the six months' payment was apparently for the benefit of the bank and could be waived.

The plaintiff alleged generally in its reply that its board of managers was induced to make the settlement upon the fraudulent misrepresentation of the facts by the officers of the bank, but we do not find any evidence or specific allegations to support such general charge. The issuing bank submitted to the plaintiff corporation a written proposition or proposal of settlement, and so far as the record shows, the plaintiff corporation was in possession of the facts established and relating to the cashing of the certificate the same as was the bank.

It is not clear from the record what au-

thority the Grand Council of the plaintiff had, but we infer from its name and other facts shown that its authority was superior to that of the board of managers, but such fact, by reason of the by-laws of the association, did not deprive the board of managers from acting in matters relating to the general business of the association. The record discloses that the Grand Council of the association met biannually and was not in session at the time of the settlement made by the board of managers, and that it did not disapprove of the settlement until some months after it was made.

The following is copied from a part of the constitution and by-laws of the order as attached to and made a part of plaintiff's reply:

"Page 2. The order shall be composed of local councils, etc., and a board of managers, etc.

"Page 3, section 4. The said board of managers shall transact all of the general business in the absence of the Grand Council. It shall hold its regular and special meetings for the purpose of properly carrying on the business of the order at such times as stated by the order.

"Page 4, article, 3, sections 1-2.

"Section 1. The executive power of the I. I. O. of W. M., shall be vested in a board of managers, which shall be composed of nine members, consisting of Supreme G. ruler, associate G. ruler, S. G. scribe, S. G. cashier, and five additional members, who shall be elected as now provided, or as may hereafter be determined by the supreme laws of the order.

"Section 2. The board of managers shall have exclusive control of the management, government, and administrative affairs of the order, with the enforcement of its laws and with the execution of its principles generally.

"Page 8. Law 2, section 4. The board of managers shall employ an attorney, who shall be the legal advisor for the order."

Upon submission of the written proposal of compromise or settlement, the board of managers of the plaintiff corporation held a meeting to consider the same, and by resolution accepted the offer and tender of the issuing bank. From an examination of the evidence, we are of the opinion that there was a substantial bona fide dispute between the issuing bank and the plaintiff on the question of whether the bank was due and owing the plaintiff any sum by reason of the issuance of the certificate at the time of settlement, and that under the

record there is no error shown in the ruling of the trial court on the demurrer of defendant bank.

The defendant Muskogee Security National Bank, in support of the action and ruling of the trial court in its favor, contends that there was no evidence tending to show liability of the Muskogee Security National Bank on the certificate of deposit, in that there was no evidence in support of the allegations of the plaintiff that the Muskogee Security National Bank was a consolidated bank and assumed the liabilities and obligations of the Muskogee National Bank which issued the certificate.

We are of the opinion that the contention is well grounded. We do not find in the record any evidence tending to prove or establish that the Muskogee Security National Bank was liable for the obligations of the Muskogee National Bank, and for that reason, if no other, we think the ruling and action of the trial court was correct.

Even if it should be conceded that there was error in the action of the trial court in indicating or holding that the demurrer was sustained on the ground that plaintiff's board of managers were authorized to make a binding settlement on plaintiff's claim and did so, such would not justify a reversal, if, in fact, the ruling and judgment be correct under the law and facts on other grounds.

"Though a wrong reason may be given for a judgment, yet, if such judgment be correct under the law and facts in the case, it will not be reversed." Beaver v. Wilson, 117 Okla. 68, 245 Pac. 34.

We find no reversible error under the first assignment of error argued and presented by the plaintiff.

It is next contended and argued that the court erred in overruling motion of the plaintiff for a continuance. On the day the case was called for trial, the plaintiff filed motion for continuance on the ground of the absence of its witnesses, H. R. Edwards and E. T. James. On presentation of the motion, the cause was passed until the following day, at which time the witness H. R. Edwards was present in court, and then the motion for continuance was finally denied and the case proceeded to trial. It is argued in plaintiff's brief that H. R. Edwards, who was president and one of the counsel for the plaintiff, did not have time to prepare for trial, did not have all his documentary records available; that he had

been out of town, and was not informed that the case had been assigned for trial. The written motion for continuance was based on the want of the testimony of absent witnesses. At a hearing on the motion the witness Edwards, who was also chief counsel for plaintiff, and had been such for a number of years, orally stated to the court that he had no notice of the case being set and was not prepared for trial, but apparently he did not inform the court that a continuance was desired in order that he might locate or obtain documentary evidence. The clerk of the court testified that he personally called by phone all resident local counsel some days prior to the date cases were assigned for trial, and notified them of the setting of cases, and that publication notice was given in the papers of the assignment. The case had been at issue practically six months before it came to trial. The absent witness, E. T. James, was an employee of the plaintiff corporation, and was supposed to be somewhere in the state of Illinois on business for plaintiff. No subpoena was issued for him, and it does not clearly appear that the plaintiff was unable to produce other witnesses who would testify concerning the matter about which he was presumed to testify.

The affidavit for continuance alleged that the plaintiff had used due diligence to obtain the evidence of the witnesses, but did not recite the facts constituting such due diligence.

It has been frequently held by this court that the granting or refusing to grant a continuance rests largely in the sound judicial discretion of the trial court, and in the absence of an abuse of such discretion, the ruling of the court will not be disturbed. Moore v. Morris, 116 Okla. 224, 243 Par. 933.

It is said in Blue Grass Oil Co. v. Central Torpedo Co., 82 Okla. 58, 197 Pac. 1049:

"In an application for continuance, it is not sufficient to allege that due diligence has been used, but the facts constituting due diligence must be set forth in order that the court may determine whether due diligence has been used."

We are unable to say that there was any error or abuse of discretion shown in the action of the trial court in denying the motion for a continuance.

The next assignment of error referred to by plaintiff is that the court erred in giving instructions Nos. 1, 2, 3, and 4. After

quoting instruction No. 3, which is as follows:

"You are further instructed that if you believe from the evidence that E. N. Guillory was treasurer of the burial department of the defendant, Grand United Order of Odd Fellows, and was at the same time treasurer of the plaintiff, Improved Industrial Order of Wisemen, and that the said E. N. Guillory, while so acting as the treasurer of the respective orders, received said cashier's check, No. 20771 for and in the sum of $1,410 in his capacity as treasurer of the burial department of the defendant, Grand United Order of Odd Fellows, and that the same was credited to his account as treasurer of the plaintiff, Improved Industrial Order of Wisemen, and that the plaintiff kept and used the same, then and in such event such act constituted a delivery of said check and the value and proceeds to the plaintiff, and under such circumstances the plaintiff would be liable to the defendant, Grand United Order of Odd Fellows, to the value and for the amount of said check, and your verdict should be for the defendant, Grand United Order of Odd Fellows,"

—plaintiff says in its brief, after setting up its view of the substance of the evidence, that the evidence was insufficient to warrant the court in giving the instruction. We are unable to agree with plaintiff's view of the evidence. We have examined the testimony and evidence in the record relating to the check and deposit referred to in the instruction, and are of the opinion that there was sufficient and competent evidence to justify the court in submitting the question to the jury under the instruction quoted.

Furthermore, plaintiff did not demur to the defendant's evidence, ask for any instructed verdict in its favor, or in any manner challenge the sufficiency of defendant's evidence to establish its counterclaim or cross-action.

In the case of Federal Nat. Bank v. Sartin, 114 Okla. 244, 246 Pac. 617, it is said in the syllabus thereof:

"In a law action, where the defendant has assumed the burden of proof and the plaintiff submits its case to the jury, without demurring to the evidence or asking an instructed verdict and the sufficiency of the evidence is not challenged until a motion for new trial is filed, the question of whether there is any evidence reasonably tending to support the verdict for defendant will not be considered on appeal"

—and in the body of the opinion in that case are cited several decisions from this court supporting the holding.

Instruction No. 4, which is very similar to No. 3, is copied in the brief of plaintiff, and immediately following it there is quoted from the opinion in the case of C., R. I. & P. Ry. Co. v. Stibbs, 17 Okla. 97, 87 Pac. 293, that part which lays down the general doctrine that an instruction which assumes the existence and proof of disputed facts, or which restricts or interferes with the discretion of the jury, is erroneous. It is not argued or pointed out in the brief wherein the citation of authority quoted is applicable to the instruction, and we fail to see where the instruction is objectionable under the doctrine referred to in the case cited.

Instruction No. 3, supra, is further objected to on the alleged ground that the court in referring to the check and funds turned over to the treasurer, Guillory, indicated to the jury that its verdict should be for the defendant, and that the jury could not resist the indication without incurring the displeasure of the trial court. The statement to such effect found in the brief of plaintiff is not supported by any argument, and we are unable to see where it is supported.

No argument as to alleged error in the other instructions referred to in the assignment is presented in the brief; likewise, other assignments of error set forth in plaintiff's petition in error are not presented, and under the rules of the court, they are waived or abandoned.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

TEEHEE, FOSTER, REID, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. L. R. A. 1915B. 59; 1 R. C. L. p. 177; R. C. L. Perm. Supp. p. 41. (2) anno. 20 L. R. A. 785; 11 L. R. A. (N. S.)) 1018; 21 L. R. A. (N. S.) 1005; L. R. A. 1917A, 719; 1 R. C. L. p. 194; R. C. L. Perm. Supp. p. 44. (4) 6 R. C. L. p. 563; R. C. L. Perm. Supp. p. 1763. (5) 6 R. C. L. p. 544; R. C. L. Perm. Supp. p. 1760. See "Accord and Satisfaction," 1 C. J. § 1, p. 523, n. 1; § 71, p. 552, n. 8; p. 553, n. 12, 13; § 148, p. 582, n. 33. "Appeal and Error," 3 C. J. §746, p. 839, n. 40; 4 C. J. §2557, p. 663, n. 92; §2780, p. 809, n. 32; §2834, p. 853, n. 61. "Continuances," 13 C. J. §4, p. 123, n. 14; §138, p. 189, n. 53.