## FORREST E. GILMORE CO. v. GLADDEN.

No. 21277. Opinion Filed April 5, 1932.

Charles L. Yancey, G. C. Spillers, Henry L. Fist, and John C. Quilty, for plaintiff in error.

H. W. Carver and A. M. Wilson, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Seminole county. The case was tried by a special judge, jury being waived.

The suit was based on an account for trucking, alleged to have been done by the plaintiff for the defendant, who is the present plaintiff in error, under a contract by which the plaintiff was to be paid $4 per hour for the large truck, and $2.50 an hour for the smaller truck, that were owned by the plaintiff and run and operated by him.

The original suit was for a recovery of a balance of $2,325, with interest at 6 per cent. per annum from the 1st of December, 1928, until paid. The defendant answered and admitted an indebtedness of $26.75, and set up a contract for the purchase of some trucks, and an agreement to pay for hauling, and that the purchase price of the trucks should be liquidated by one-half of the hauling bill. A chattel mortgage was set out. A general denial was filed for reply.

Later there was an amended petition filed in which the written contract under which the trucking was done was set out and relied upon, and it was claimed that $3,000 of the amount due for the trucking had been applied on payment for the trucks, and a balance of $1,381.50 was claimed at this time. An answer was filed to this in which it was claimed that $666.50 of the amount claimed had never been presented along with vouchers, and that $452 of it, composed of some six items, had been settled by accord and satisfaction, and $263 was an overcharge. The check, the acceptance of which was relied upon to evidence the accord and satisfaction, was set out.

A reply was had to this, and the cause came on for trial before the special judge, Honorable E. R. Biggers, jury being waived. The testimony was introduced, composed largely of the testimony of the plaintiff and his employees, and the testimony of the defendant's employees, together with the reports of the various employees of the defendant, and the reports as to the length of time the trucks had been used while in the service of the defendant.

There was not very much conflict, however, in the testimony as to the ultimate facts, as a reading of it discloses. The contract was introduced in evidence, which was an informal written purchase order, and providing for so much an hour for the trucks, and the carrying of insurance by the owner of the trucks. A great many of the details of the hauls and the difficulties of the road are set out in the evidence. At the conclusion of the evidence the trial court made a statement as to his findings, and found against the defendant for the full amount asked for.

Motion for new trial was had on account of the insufficiency of the evidence to support the judgment, and errors of law occurring at the trial, and the amount of recovery, and it was overruled.

The case was brought here and briefed only on the one item, $462, plaintiff in error claiming that the judgment should be abated that much because of an accord and satisfaction. The court found that there was no accord and satisfaction, and the case is brought here and citation of authorities is made. Gunn v. Fryberger, 71 Okla. 170, 176 P. 248, is cited and quoted from, and Improved Industrial Order of Wisemen v. Muskogee Security Nat. Bank, 139 Okla. 16, 280 P. 1087, a case decided by this court, is also cited and liberal extracts are taken from it. So, also, are Munn v. Mid-Continent Motor Securities Co., 100 Okla. 105, 228 P. 150, and Fern v. First Nat. Bank of Anadarko, 119 Okla. 228, 249 P. 404, cited, as well as Kubatzky v. Pittsburg Plate Glass Co., 119 Okla. 236, 249 P. 412, and Davis, Federal Agent, v. Davis et al., 103 Okla. 83, 229 P. 479, and the prayer here is to abate the judgment $452 on account of this accord and satisfaction.

Some discussion is made in the counter

brief tending to show that this was not a case of accord and satisfaction, and the presumption that should attach to the action of the lower court in finding against the petitioner on the evidence.

We have examined these cases, but there does not seem to be anything in them that would militate against the holding of the court below that there was not any accord and satisfaction under the evidence in this case. All, that accord and satisfaction appears to be, is that an agent of the company signed up for the time on a report as to the use of the trucks, but believing that they were going too slow with the work and killing time, he reported to the company the situation and it deducted $452, overcharge in remitting a check for $512.60. However, according to the evidence, it was not accepted as satisfaction, and the man who received it, to whom the debt was owing, was assured that the shortage in remittance would be rectified, and the memorandum on the check showing the alleged accord was merely a notation, "c/m Dec. 11, $452.25."

The evidence of the plaintiff was that he saw some of the head men of the company about the shortage in the amount of the check, and was told that it would be rectified. The court below found against the contention of plaintiff in error. There was ample evidence to sustain the finding. and this cause will be affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., absent.