**FINLEY & LOLLAR v. DEAN et al.**

No. 28461.   March 14, 1939.

Hatcher & Hatcher, for plaintiffs in error.

J. W. Bolen and Grigsby and Andrews, for defendants in error.

CORN, J. This is an appeal from a judgment of the district court of Pontotoc county in favor of the defendants and against the plaintiffs in an action to recover upon a promissory note and for the foreclosure of a second mortgage securing said note. The parties will be referred to herein in the order of their appearance in the trial court.

The Home Savings & Loan Association of Bartlesville held a first mortgage against the property of defendants in Ada, Okla., which was their homestead. The loan was delinquent, and defendants desired to refinance the indebtedness through the Home Owners Loan Corporation, which approved a loan on the property for an amount less than the balance due on the existing loan, leaving a balance of $107.85 to be paid in order to obtain a release of said mortgage. The defendants executed and delivered a note and mortgage to the Home Savings & Loan Association in said sum of $107.85, which was intended as a second mortgage against the premises, and which was withheld from record until after the Home Owners Loan Corporation mortgage was recorded. The Home Savings & Loan Association executed a written agreement to accept Home Owners Loan Corporation bonds at face value for the amount of the new loan, in full payment of its loan. The plaintiffs, Finley & Lollar, were agents for the Home Savings & Loan Association at Ada, and in due course the necessary details were worked out closing the Home Owners Loan Corporation loan, and exchanging the bonds for the release of the Home Savings & Loan Association mortgage. Finley & Lollar agreed, according to the evidence, to accept payment of the $107.85 note in monthly installments of $5 each, and the defendants made one of these payments, but no more. Later the note and mortgage were assigned to these plaintiffs.

As a defense the defendants denied that the defendant Effie Dean signed the note and mortgage, and alleged that the property was her homestead. And as a further defense it was alleged that the acceptance by the Home Savings & Loan Association of the bonds in full satisfaction of its mortgage indebtedness constituted an accord and satisfaction, which released the defendants from liability on the note.

The plaintiffs contend that their evidence was sufficient to make out a prima facie case and that the defendants' evidence was not sufficient to overcome the prima facie case for the reason that the evidence of defendants contained inherent improbabilities and contradictions which justify an

inference and conclusion that the evidence of defendants is false, and for that reason plaintiff's prima facie case should be permitted to stand and plaintiffs should be given judgment herein.

The plaintiffs introduced in evidence the note and mortgage, and also other documents bearing the admitted signatures of the defendants, in order to prove the genuineness of the signature of Effie Dean, and also introduced as witnesses two bankers showing qualifications as experts in passing upon signatures, who testified that the signature on the note and mortgage was the genuine signature of Effie Dean. Photostatic copies of these documents appear in the record, and the signature in question wherever it appears is so clearly identical as to admit of no doubt as to the genuineness of her signature on the note and mortgage.

We cannot see that the question of accord and satisfaction is involved in this case. It is clear from the testimony in the record that the defendants agreed to give, and did give, the note and mortgage for the balance due on the old loan over and above the Home Owners Loan Corporation bonds, and they did this before the Home Savings & Loan Association consented to take bonds for the amount of the Home Owners Loan Corporation commitment. Federal regulations at that time permitted lienholder to take second mortgage not to exceed the difference between Home Owners Loan Corporation appraisal and the amount of its loan.

1 C. J. 523, states:

"An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to; and a satisfaction is the execution of such agreement. * * *"

Houston Bros. v. Wagner, 28 Okla. 367, 114 P. 1106; Deming Investment Co. v. McLaughlin, 30 Okla. 20, 118 P. 380; Continental Gin Co. v. Arnold, 52 Okla. 569, 153 P. 160; Gentry v. Fife, 56 Okla. 1, 155 P. 246; Fern v. First National Bank, 119 Okla. 228, 249 P. 404; Swift & Co. v. Colvert, 127 Okla. 80, 259 P. 844; Gunn v. Fryberger, 71 Okla. 170, 176 P. 248; Davis v. Davis, 103 Okla. 83, 229 P. 479.

The original first mortgage and note were settled by the Home Owners Loan Corporation bonds and second mortgage and note involved herein, and the plaintiffs are entitled to enforce the payment of said second mortgage and note.

"In cases of purely equitable cognizance, it is the duty of this court to consider the whole record and to weigh the evidence, and where the judgment of the trial court is against the clear weight of the evidence, it is its duty to render or cause to be rendered such judgment as the trial court should have rendered." Sticelber v. Iglehart, 169 Okla. 453, 37 P.2d 638; Taggart v. Snipes, 174 Okla. 449, 50 P.2d 640; Cromwell v. Ream, 175 Okla. 408, 52 P.2d 752.

We are convinced from a review of the entire record in this case that the judgment of the trial court is not sustained by the clear weight of the evidence, and is reversed and remanded, with directions to enter judgment for plaintiffs.

BAYLESS, C. J., and GIBSON, HURST, and DANNER, JJ., concur.